## THE STATE v. BECKWITH.

1. It is material in an indictment, to lay a day when the offence was committed.
2. If the date be laid in blank, so that it does not appear if the offence was barred by limitation or not, the judgement will be arrested.

BECKWITH was indicted in the Circuit Court of Lauderdale county, for an assault on one David Houston. The indictment contained two counts ; one for an assault with an intent to commit murder, the other for a common assault. In each count, the offence was laid to have been committed " *on the —— day of —— in the year 1826.*" There was a verdict and sentence against the defendant. A motion was made to arrest the judgement, on the ground that there was no day certain laid in the indictment, on which the offence was committed. The motion was overruled by the Court below, but the point was reserved under the provisions of the statute, for the consideration of this Court. And it was here contended, that the judgement ought to have been arrested.

COALTER, for the defendant, argued that the indictment was not sufficiently certain. An indictment must have precision and certainty, [a] and must be more certain than civil proceedings, inasmuch as they are more penal, and are to be answered with more precision. [b] The offence must be laid to have been committed on a day certain, or it is void. [c] It does not appear but from inference or implication, that the offence was committed before the finding of the indictment. The statutes of amendments do not apply to indictments, [d] and nothing can be taken by inference or intendment. [e]

[a] 3 Jacob's Law Dic. 406.
[b] 3 Jacob's Law Dic. 407-8. 2 Hawk. C. 25.
[c] 2 Hawk. C. 25. § 82, and C. 23, § 91. 3 Bac. Ab. 561. 2 Burr's trial 446. 2 Hawk. 336, 37, 614. 2 Hayw. 352. M'Nally 498-99.
[d] 3 Jacob's Law Dic. 561. 3 Bac. 566-7.
[e] Ld. Ray. 1574. 2 Burrows 1125.

The offence in the first count is not charged sufficiently within the material words of the statute. An indictment under a statute must, by express words, bring the offence within the substantial description made by the act, [a] and no implication will aid it.

JUDGE SAFFOLD delivered the opinion of the Court.

THE omission to state with certainty the time of the commission of the offence, is one of the causes assigned for error.

In the language of a man confessedly great, " it is laid down as an undoubted principle in all the books that treat of this matter, that no indictment whatever can be good, without precisely shewing a certain year and day of the material facts alleged in it." [b] It is also held by most or all the ancient crown lawyers, that the time of the commission of offences is, in the general, necessary to be stated in the indictment, and especially where the time for the prosecution is limited by statute. This is required, in order that it may appear from the indictment, that the offence is within the limits. This reason would apply with full force to the present case. A late statute provides, that for assaults and battery, the indictment shall be preferred, or at least the party recognized, within six months of the time committed, else the prosecution shall be barred. If the first count in the indictment would not be affected by this statute, the second certainly would, and the limitation for the first, by a former statute, can not exceed one year. And without here deciding whether a legal bar to one count in an indictment, would equally affect the whole, the consideration alone that it does not appear from the record, but that the one count may have been barred, is sufficient to establish the materiality of the time. The indictment was found in October, 1826; it charged the offence within the same year ; it may have been exceeding six months anterior to the commencement of the prosecution, and yet within the year. One entire year could not have elapsed, but the doctrine is, that whenever the time is in any way material, it must be averred. The indictment will be vitiated by a repugnancy as to time, as where more than one date is necessary in the description of an offence ; and they are stated with such inconsistency, that they cannot be recon-

JANUARY 1828.   ciled; the same where an impossible date is laid, as the
The State      30th of February or the 31st of April, though the inten-
v.             tion appear manifest.   Though an averment of time is
Beckwith.      required, it is not necessary that the proof should cor-
respond strictly with it.   The offence may be proven to
have been committed at any time anterior to the day laid
within the limitation of the prosecution.   Whether be-
tween the time as averred and the finding the indictment,
*a* 1 Chit. Cr. L.   is not now a question. *a*
184-5.

With respect to the second assignment, which is " that
the indictment does not charge the assault to have been
committed with intent to murder," little is necessary to
be said, as the former is decisive of the case.   It is not
perceived however, that this indictment varies materially
from correct precedents.   Let the judgement below be
reversed.