Clark *vs.* The State.

No 56.—ALFRED CLARK, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] On the trial of a defendant, indicted for an assault with intent to murder, he may be found guilty of an assault and battery, where the battery is alleged in the indictment.

[2.] Where a defendant was indicted for an assault with intent to murder, and on the traverse of the indictment before the Petit Jury, he was found guilty of an assault and battery only: *Held,* that the Statute of Limitations, as provided by the Penal Code, applied to *the offence* for which he

was *indicted*, arraigned and tried, and not the minor offence of assault and battery, of which the Jury, on the traverse of the indictment, found him guilty.

Indictment, for assault with intent to murder, from Habersham Superior Court.   Decided by Judge JAMES JACKSON.   October Term, 1852.

This was an indictment for an assault with intent to murder, in the usual form, charging the offence to have been committed on the 6th day of November, 1845.

The bill was found October Term, 1848.

On trial of the cause, the Jury returned a verdict of " guilty of an assault and battery, of a very aggravated character."

Whereupon, defendant moved the Court in arrest of judgment, on the following grounds :

1. Because the indictment shows on its face, that the offence was committed more than two years before the finding of the bill of indictment, and does not show any matter to avoid the bar of the Statute of Limitations.

2. Because, on an indictment for an assault with intent to murder, the Jury have no right to return a verdict of guilty for an assault and battery.

Both of which grounds were overruled by the Court ; to which decisions defendant excepted.

DOUGHERTY and HULL for plaintiff in error.

C. PEEPLES, representing the Solicitor General, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The defendant was indicted for an assault with intent to murder, and on the trial for that offence, before the Petit Jury, he was found guilty of an assault and battery only.   The defendant relied on the Statute of Limitations, as a part of his defence; and the question is, whether the Statute protects him, according to the facts disclosed by the record.   The 35th section of the 14th division of the Penal Code, declares that the *in-*

*dictment* for the offence with which the defendant is charged shall be found, and filed in the proper Court, within *four years* next after the commission of the offence, and at no time thereafter.

[2.] Indictments for the offence of an assault and battery, are required to be found and filed in the proper Court, within *two years* after the commission of the offence, and at no time thereafter. *Prince*, 662.

In this case, the indictment accusing the defendant with having committed the offence of an assault with intent to murder, was found and filed, in the proper Court, *within four years* from the time the offence was alleged to have been committed; but the defendant insists, that inasmuch as the Petit Jury, on the traverse of the bill of indictment, found him guilty of an assault and battery only, and more than *two years* having elapsed from the time of the commission of the offence and the finding and filing the bill of indictment, that he is protected by the Statute. The answer is, that the Statute applies to *the indictment* on which the defendant was arraigned and tried, and not to the minor grade of offence, for which he might be found guilty on the trial for the higher grade of crime, for which the Grand Jury accused him.

The defendant was indicted for an assault with intent to murder; was arraigned and tried on that indictment, and had all the rights and privileges incident to a trial for that grade of offence. The Statute of Limitations, in our judgment, as provided by the Penal Code, applied to *the offence* for which the defendant was *indicted*, and not to the minor offence of assault and battery, of which he was found guilty on the traverse of *that indictment*.

In addition to the charge of an assault with intent to murder, the defendant is also charged in the indictment, with having *beaten* Smith Jones, the individual alleged to have been assaulted; so that there is a sufficient allegation in the indictment of a battery, to authorize the verdict of the Jury for the offence of an assault and battery.

Let the judgment of the Court below be affirmed.