# PEOPLE v. MILLER.

When an indictment for murder is used as a substitute for, and in place of, an indictment for manslaughter, it must, where time is material, contain the averment as to time, which would be essential in an indictment for manslaughter.

It is generally true that every essential fact must be stated in the indictment, and this means every fact material to the offense of which the party may be convicted, and the allegation of a day within the period of limitation, is material, whenever the offense is subject to limitation.

If the defendant is out of the State a portion of the time, it must be so averred in the indictment. *Prima facie*, the lapse of time is a good defense; and where the statutory exception is relied on, it must be set up.

APPEAL from the Fifth District, County of San Francisco.

The facts are stated in the opinion of the Court.

*Robinson & Beatty* for Appellant.

The only error assigned in this case is, that the indictment shows that the offense of which the appellant was convicted, was committed more than three years before the indictment was found.

Sec. 97 of the Criminal Practice Act, (Wood's Digest, page 278) reads as follows: "An indictment for any other felony than murder, must be found within three years after its commission."

It is admitted by the Attorney General, that if the proof had shown that the offense was committed by the defendant while in this State, and more than three years before the finding of the indictment, he could not have been properly convicted of the crime of manslaughter.

He, however, to support the judgment in this case, relies on sec. 242 of our statute, which reads as follows: " The precise time at which it was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding of the same, except when time is a material ingredient of the offense."

He argues, that although the indictment alleges the offense to have been committed more than three years before the finding of the indictment, yet as the precise time is not necessarily stated in the indictment, the offense may possibly have been committed at a later period than that charged, and within the three years.

Sec. 242, cited above, is simply a repetition of a rule of criminal pleading, which is to be found in every elementary work on criminal pleadings. But the main point is, when time is, and when time is not, material in an indictment. At common law, time was said to · be immaterial, for the simple reason that there was no limitation to indictments for felony. Page 301 of Blackstone's Commentaries, note 1.

When there is a statute of limitations, time becomes so far a material fact, as that it must be alleged that the offense was committed within the time of limitation; that is, the offense may be charged to have been committed on some day certain, and that day must be within the time of limitation. See Chitty's Criminal Law, p. 223.

This same doctrine is fully endorsed by the Supreme Court of Alabama, in the case of the State v. Beckwith, Stewart, page 318.

The statute only provides that the " precise time at which it was committed, need not be stated."

It is clear, that the statute requires that some time be stated. If it was a case of murder, any day might be stated, because there is no limitation; therefore, in this case, the indictment, as an indictment for murder, was good; but as an indictment for manslaughter, it was

bad, because it should, within itself, show a state of facts which would exempt the party from punishment.

The statute makes three years a bar in every case, except when the defendant is out of the State when the offense was committed. (See secs. 97 and 99 of the Criminal Practice Act.) Here the indictment shows the defendant was in the State when the offense is alleged to have been committed, and also that it was committed more than three years before the finding of the indictment. These facts constitute a perfect bar to the prosecution. If all the allegations in the indictment be true, the party is not punishable. How, then, is it possible to punish a party under that indictment? Clearly, it could not be done in any other way than by a waiver of his privilege under the statute.

The only authority relied on by the Attorney General to support this case, which we deem it necessary to notice, is the one in 9th Cowen, page 655. At first sight, this might appear to support the ruling of the Court below ; but on a more critical examination, it is in fact rather confirmatory of our views. The Court says: " *Non constat*, on this motion, but that, on its appearing in evidence that the crime was perpetrated more than three years previous to the indictment being found, and on this being objected, as it might be on not guilty, the prosecution then answered, by proving that the prisoners were within the exception." Now, it is clear from this quotation, that the only ground on which the indictment is sustained, is that on its appearing (as the Court admits it must have appeared in the indictment) that the offense was committed more than three years before the finding of the indictment ; that the prosecution then showed the case was taken out of the statute by the absence of the party. If it were possible to show any facts in this case which would take it out of the operation of the statute, then, the authority, so far as it goes, is in favor of the People. If, on the other hand, no state of facts exists, or might have been found at the trial, which takes it out of the Statute of Limitations, then, we contend, it is good authority on our side. It is a well settled rule of practice, both in civil and criminal proceedings, that the *allegata* and *probata* must coincide. You cannot contradict

your own pleadings. The only apparent exception to that rule, is in relation to allegations as to time.

The only case where the time of a promise being made becomes material is when the Statute of Limitations might operate as a bar. In that case, the time must be stated, so far correctly, or so near correctly, as to show the promise is not barred by the Statute of Limitations. See 3 Texas Reports, Swenson *et al. v.* Walker's Adms., page 95 ; McClenney *v.* McClenney, 3 Texas Reports, page 196 ; see also 2 Texas Reports, page 541.

*Attorney General* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an indictment for murder, under which the defendant was convicted of manslaughter. The act is charged to have been committed more than three years before the finding of the bill ; and three years is the period of limitation to the prosecution of the offense of manslaughter. It is true, that a party may be convicted of manslaughter under a general indictment for murder ; the indictment for murder answering as a good indictment for manslaughter. But when the indictment for murder is used as a substitute for, and in place of, an indictment for manslaughter, it must, if time be material, contain the averment as to time, which would be essential in an indictment for manslaughter. The object of pleading is to apprise a party of the precise charge made against him, and to enable him to defend himself and to avail himself of all his legal rights and privileges. It is generally true that every essential fact must be stated in the indictment ; and this means every fact material to the offense of which the party may be convicted ; and the allegation of a day within the period of limitation is material, whenever the offense is subject to limitation. (Wharton Cr. L., pp. 111 and 114.) If, for example, robbery was an offense not barred by lapse of time, but larceny was barred within a year, though the rule is that every robbery includes a larceny, we apprehend a conviction for larceny could not be had under this indict-

ment of robbery, if it were found after the period of limitation for prosecutions for larceny.

It is true that the Statute of Limitations excludes from computations the time the defendant may be out of the State, but the rule is, that this exception must be stated in the pleading. *Prima facie,* the lapse of time is a good defense, and if the statutory exception is relied on, the State should set it up. This is the rule in civil pleadings under our system, and it is not less strict in criminal cases.

The case in 9 Cowen, cited by the Attorney General, seems to be against this view, but that case stands opposed to well settled precedents in the English and American Courts. The contrary doctrine seems to be held in State *v.* Bockwith, 1 Stewart, 318; Shelton *v.* State, 1 Stewart & Por. 208; and State *v.* Roach, 2 Haywood, 552; see also 1 How. Miss. 260; Wharton Cr. L. *supra,* 1 Chitty Cr. L. 253.

Upon principle, we can see no distinction between an indictment for murder, which, if good for manslaughter, shows on its face that the crime for manslaughter is barred, and an indictment for the special offense of manslaughter with the same statement as to time.

We cannot hold that the condition of the defendant under the more general indictment is any worse than if the indictment were for the precise and specific offense.

Judgment reversed.