## The People v. William H. Gregory.

*Criminal law: Jurisdiction: Refusal to plead: Waiver: Complaint.* A prisoner in refusing to plead does not admit any authority in the court, or waive any right to object to the jurisdictional sufficiency of the complaint against him; and the act of the justice before whom he is tried, in entering a plea of not guilty for him, is not one which could aid an invalid complaint, or preclude defendant from insisting upon its invalidity.

*Complaint: Date of the offense: Statute of limitations.* A complaint which contains no mention of the year, in laying the offense, is held fatally defective; it should appear affirmatively by the complaint that the act charged was not done so early as to be barred by the statute of limitations.

*Complaint: Offense: Place: County.* A complaint which does not name any county, in laying the offense, is held fatally defective; the complaint should show upon its face, in substance, that such an offense has been committed as the justice has authority to deal with, which it does not unless it shows that it was committed within the county.

*Criminal law: Appeals: Jurisdiction.* The prosecution in the circuit on an appeal in a criminal case from a justice's court, rests finally upon the proceeding instituted before the justice, and if that proceeding is invalid for jurisdictional defects, the prosecution on appeal is equally so; the infirmity in the inception of the case affects it in all subsequent stages.

*Heard October 7. Decided October 20.*

Exceptions from Lapeer circuit.

*George P. Voorheis* and *Isaac Marston, Attorney General,* for the People.

*C. P. Thomas* and *Gaskill & Geer,* for defendant.

GRAVES, CH. J.

The defendant was convicted before a justice for an assault and battery, and he appealed to the circuit court, where he was again convicted.

The case was thereupon brought to this court on exceptions, pursuant to the statute.

It appears that defendant was tried in both courts on a plea of not guilty, which the justice entered for him on his refusal to plead, and that both courts declined to permit him to withdraw such plea and set up a former conviction and judgment for the same offense. He now objects to the proceedings, that the complaint before the justice was so defective that it afforded no valid basis for the other steps which were taken. In refusing to plead, we think he did not admit any authority in the court, or waive any right to object to the jurisdictional sufficiency of the complaint; and we also think that the act of the justice in entering a plea for him was not one which could aid an invalid complaint, or preclude defendant from insisting upon its invalidity. The point is then open.

The defendant objects against the complaint, that it did not appear from it that the offense was committed within the time limited by law for commencing prosecution for it, or committed within the county to which the justice belonged; and an inspection of the record shows that it was defective in the particulars mentioned. The complaint contained no mention of the year, in laying the offense, and named no county, either in the margin or elsewhere, except the county of "Michigan." As there is no such county as "Michigan," this statement was no better than a blank. Were these defects fatal? We think they were. It ought

to have appeared affirmatively that the act was not done so early as to be barred by the statute of limitations; as, otherwise, it could not appear that the case was subject to prosecution at all.

The other objection was well taken. The authority of a justice to hold trials in criminal cases is strictly defined and limited by the statute, and the proceedings should appear to be within, and in substantial accordance with, the provisions of law. . The justice here had no power to hold a court to hear and determine a charge for assault and battery, unless it was one which had arisen in his county. —*Comp. L.*, § *5525.*

And the complaint reduced to writing by him was the necessary basis for further proceedings, and was required to show upon its face, in substance, that such an offense had been committed as he could hear and determine.— *Comp. L.*, § *5526.*

The complaint in question did not show such a case. It did not purport to allege an assault and battery committed in his county, and failed entirely to indicate in any way in what county it occurred. Therefore it did not set forth or import an offense which he could lawfully hear and determine. .

The prosecution in the circuit court, upon the appeal, rested finally upon the proceeding instituted before the justice, and as that proceeding was invalid for the jurisdictional defects pointed out, the prosecution on appeal was equally so. The infirmity in the inception of the case affected it in all the subsequent stages.

It should be certified as the judgment of this court that the conviction be quashed, and the defendant discharged.

The other Justices concurred.