## GILL v. THE STATE.

1.  INDICTMENT:  *Showing prosecution barred by Statute of Limitations.*
    An indictment is good upon demurrer though it shows upon its face that the offense was committed beyond the period of the statute bar.

(This *per* force of the Statute.  See *Scoggins v. The State, 32 Ark., 215.*—REP.)

2.  EVIDENCE:  *Exclusion of relevant, when not error.*
    A party has no right to complain of the refusal of evidence which could do him no good, though it be relevant.

3.  STATUTE OF LIMITATIONS:  *In criminal prosecution.*
    In criminal prosecutions the State must prove that the offense was committed within the period of the Statute of Limitations next before the finding of the indictment, or that there was a previous indictment within the time, which had been quashed, or set aside, and the new indictment found in due time afterwards.

APPEAL from *Conway* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

### STATEMENT.

On the eighth day of September, 1880, Rufus Gill was indicted in the Conway Circuit Court for Sabbath breaking, by selling liquor on Sunday, on the twenty-ninth day of

August, 1880.   A bench warrant was ordered but not issued
until January 25th, 1882, and served the next day.   On the
seventh of March, 1882, the indictment was quashed, on
motion of the State, and the case referred to the grand jury,.
then in session, and on March 13th, 1882, the grand jury
returned into court another indictment against him for
Sabbath breaking, charging that " the said Rufus Gill, on
the twenty-ninth day of August, 1880, in the county and
State aforesaid, unlawfully did sell one pint of ardent
spirits  on Sunday, against the peace and  dignity of ' the
State of Arkansas.''

The defendant demurred  to this indictment  because it
showed that the offense was committed  more than one year·
next before the finding of  the indictment.    2d, That it did
not allege that the day of the sale was Sunday.    The de--
murrer was overruled and the defendant excepted.

On the trial the State proved the offense committed at
the time alleged.   The defendant in defense, offered to·
prove by the record the finding of the first  indictment and
the proceedings thereon, but the court refused to admit the·
evidence.

The defendant asked  the court to  instruct the jury that.
in order to convict the defendant they  must find  from the
evidence that the offense was  committed  within one year·
next before the finding of  the indictment, but the court re-
fused this, and instructed the jury that it was sufficient if'
they found  from the evidence that the offense was commit-
ted within one year  next  before the eighth day of Septem-
ber, 1880—the . date of the finding of the first indictment.
The jury returned a verdict of  guilty, and  after motion for
new trial  overruled, the defendant filed his bill of exceptions
and appealed.

*G. B. Denison,* for appellant.

*Gantt's Dig.,* sec. 1665, fixes  the period within which,

·offenses of this grade must be prosecuted. *Secs.* 1666-7 provide the rule as to the exceptions, and if this case came within the rule the indictment should have so alleged. It ·showed on its face that it was barred. See 1 *vol. Bish. Crim. Pro.*, *sec.* 405.

Upon motion in arrest a conviction on this indictment might be sustained, but on demurrer it was bad.

No attempt was made by the State to prove any fact that would bring the case within the exceptions, and the court ·excluded the evidence offered by defendant of the former indictment, warrant of arrest, records of court, etc.

Submits that *sec.* 1667, *sup.*, applies to cases only where " the indictment shall be quashed, set aside or reversed " for some defect or error, *at the instance of the defendant*, and not to cases where the State, for some undisclosed reason, procured the quashal of a *good indictment* and had the case remanded.

The court erred in telling the jury that there had been a former indictment, and that it was only necessary to find that the offense was committed one year before the finding ·of such indictment. This was telling them of the existence ·of facts which the State had not attempted to prove, and which had in fact been excluded upon objection by the State, when offered by defendant.

*C. B. Moore*, Attorney-General, for appellee.

The Statute of Limitations did not run while the former indictment was pending. Counting out that time the prosecution was not barred. *Sec.* 1667, *Gantt's Dig.*

### OPINION.

HARRISON, J. The objections to the indictment were not well taken. It was alleged with sufficient directness and

certainty that the day on which the ardent spirits were sold, was Sunday. No person of ordinary understanding, but could so have understood. And it need not have alleged that the offense was committed on a day within the period of limitations. *Scoggins v. The State*, 32 *Ark.*, 205.

Though relevant and important for the State, it was certainly not an error of which the appellant might complain, that the court refused to allow him to introduce evidence of the finding and subsequent quashal of the former indictment. He was in no wise prejudiced thereby.

The instruction asked by defendant should have been given. It was necessary to a conviction, for the State to prove that the offense had been committed within twelve months next before the finding of the indictment, unless it had been proved that a former indictment had been found for the offense, and the same had been quashed or set aside; in which case, the time during which it was pending would not have been computed as part of the time of the limitation, and as there was no such evidence the instruction given by the court was erroneous. It appearing from the evidence that the offense was committed more than twelve months before the finding of the indictment, the verdict was against the evidence.

Reversed and remanded for a new trial.