# CHARLESTON.

## STATE *v.* BALL.

Submitted June 17, 1887.—Decided November 12, 1887.

1. INDICTMENT—LIMITATION OF ACTIONS—CRIMINAL PROSECUTION.
    If an indictment for an offence, the prosecution of which is by statute, limited to a certain time after the offence was committed. shows upon its face, that at the time the indictment was found, the prosecution of the offence was barred by such statute, it is fatally defective, and the defendant may take advantage of such defect by motion to quash the indictment, or by demurrer thereto, or by motion in arrest of judgment. (p. 387.)

2. INDICTMENT—LIMITATION OF ACTIONS—CRIMINAL PROSECUTION.
    An indictment found on the eighth day of April, 1884, for adultery and fornication, which charged the defendant with committing the offence on the tenth day of March, 1883, upon general demurrer thereto, is fatally defective. (p. 388.)

3. INDICTMENT—REQUISITES OF.
    Every indictment must show upon its face that some public law of the State has been violated, and that the offender has been indicted therefor, in the manner and within the time prescribed by the law of the land. (pp. 385-6.)

4. INDICTMENT—DEMURRER TO—OBJECTIONS BROUGHT UP.

　　Where a party is indicted in this State he may demur to the indictment, and upon such demurrer, take advantage of all defects therein to the same extent he may do by motion in arrest of judgment.   (p. 388.)

5. INDICTMENT—DEFECTS—OBJECTIONS, HOW RAISED.

　　Where an indictment is so defective that any judgment thereon rendered against the defendant would be erroneous, he may take advantage of such defect by motion to quash the indictment, or by demurrer thereto, or by motion in arrest of judgment.   (p. 388.)

6. INDICTMENT.

　　While the motion in arrest of judgment has, by section 11 of chapter 158 of the Code, been rendered less effectual than it was at common law, yet the remedy by demurrer to the indictment remains unimpaired, and may be resorted to in all cases where the defendant is entitled to move in arrest of judgment.   (pp. 387–8.)

7. INDICTMENT—APPEAL—PRESUMPTION—CHANGE IN DATE OF INDICTMENT.

　　Where an original indictment is brought before the appellate court, and it appears upon inspection thereof that the date of the year in which the offence is charged to have been committed, has been changed, the appellate court, in the absence of anything in the record to show when the change was made, will presume that it was made before the finding of the indictment.   (p. 384.)

*J. A. Bing* for plaintiff in error.

*Alfred Caldwell*, Attorney-General, for the State.

WOODS, JUDGE:

The plaintiff in error insists that the court erred to her prejudice—*First*, in overruling her demurrer; and, *second*, in rendering said judgment against her.   The defendant in error having in this Court suggested a diminution of the record, a *certiorari* was awarded to the clerk of the Circuit Court of Logan county requiring him forthwith to return to this Court the original indictment found by the grand jury of said county against said Elizabeth Ball.   In this way the original indictment as well as the copy thereof contained in the transcript of the record, is now before us.   The indictment upon its face shows that the alleged offence was committed on the tenth of March, 1883, more than one year before the same was found, and was therefore barred by the tenth section of chapter 152 of the Code, which declares:

"A prosecution for a misdemeanor (other than for petit larceny, or for committing, or procuring another to commit, perjury,) shall be commenced within one year next after there was cause therefor." Upon inspection of the original indictment, the date of the commission of this offence is the tenth of March, 1883, but it is apparent that this date as at first written was "1884," and if that was the correct date when the indictment was found, the offence would not have been barred. When and by whom was this change made? If it was made before the indictment was returned by the grand jury a "true bill," the alteration becomes immaterial. If made after it was so returned, the party making this alteration of the date would be guilty of forgery. If "1884" was the correct date contained in the indictment when it was found, and had been altered at any time afterwards, and before trial, it would scarcely have escaped observation, for the court, upon considering the demurrer, would not have failed to observe it, as there is no other possible ground of error upon the face of the indictment. If such an unauthorized change had then been made, the court would doubtless have restored the record, by inserting the date as found by the grand jury. *State* v. *Vest*, 21 W. Va. 796. It is, however, insisted by the attorney-general that this change in the date must be presumed to have been made after the demurrer was overruled, for the reason that nothing contrary to this view appears in the record. How anything to the contrary could appear in the record we are not informed, nor are we able to conceive. In the absence of all proof we decline to presume that the records of the Circuit Court of Logan county are so negligently kept by the clerk, that this woman charged with and convicted of adultery and fornication, could, or that any other person would, incur the penalty of imprisonment in the penitentiary for not less than two nor more than ten years, to save her from a fine of twenty dollars. On the contrary, the presumption must be in favor of the innocence of every one interested in, or connected with the woman or with her prosecution or defence. This presumption, aided by a careful inspection of the original indictment, becomes convincing proof that the date "1883" is the true date in the indictment. It is apparent that the

draftsman while preparing the indictment had first written the date "1884," but, discovering his mistake before the ink was dry, he obliterated the "4" by drawing his finger over it, from the top of the figure downward, and then writing the figure "3" upon and immediately over the "4," before the blotted surface had become dry, for the ink on the figure "3" is spread and blurred, as ink only does when applied on damp paper; and as there is no sign of any attempted erasure, we feel assured that the date of "1883" as it appears in the transcript is the correct date as found by the grand jury.    This brings us to the consideration of the real question in this cause, whether an indictment which, upon its face shows that the offence for which the party is indicted is barred by the statute of limitations in regard thereto, can be sustained.

It will be observed that while our statute limits the time within which prosecutions for the offence charged in this indictment, to one year from the commission thereof, it does not as similar statutes in many of the States, contain negative words, declaring that prosecutions shall not thereafter be commenced ; but we are of opinion that it in effect does so, and that it should be construed as if it did declare that prosecutions for such offences should be commenced within the time limited and not thereafter, for it is now well settled that in all criminal prosecutions the defendant may have the benefit of the statute of limitations on the general issue, not being required in such cases to plead the same as in civil cases. This results from the difference between the statute of limitations in civil suits and in criminal prosecutions.    In civil suits the statute is interposed by the Legislature as an impartial arbiter between two contending parties.    It is otherwise where a statute of limitation is granted by the State.    Here the State, by an act of grace, surrenders its right to prosecute, and declares the offence is no longer the subject of prosecution.    The statute is an amnesty, declaring that after a certain time the offence shall be cast into oblivion, and from that time henceforth he may cease to preserve the proofs of his innocence, for the statute has blotted out forever all proofs of his guilt. Whart. Crim. Pl., §§ 316, 317.    It is a general rule that in

every indictment the charge must be sufficiently explicit to support itself, for no latitude of "intention" can be allowed to include anything more than is expressed. The indictment must charge the crime with such certainty and precision that it may be understood by any one, alleging all the requisites that constitute the offence, and that very averment must be so stated that the party accused may know the general nature of the crime of which he is accused, and what he is called upon to answer. 1 Chit. Crim. Law 172. When the time within which the prosecution of the offence is limited by statute, the time as averred in the indictment should appear to be within the limit; but it is not necessary to aver that it occurred within that period. 1 Chit. Crim. Law, 223; Whart. Crim. Pl., § 385; *People* v. *Miller*, 12 Cal. 291; *McLane* v. *State*, 4 Ga. 335; *State* v. *Hobbs*, 39 Me. 212.

In the case last cited the Superior Court of Georgia held that where it appeared on the face of the indictment that the offence which the defendant was charged was barred by the statute of limitations, and none of the exceptions mentioned in the statute to prevent its operation were alleged therein, a motion to arrest the judgment should be allowed; and that where a time is limited for preferring an indictment, the time laid should appear to be within the time so limited.

In *People* v. *Miller*, *supra*, the Supreme Court of California held that it is generally true that every fact material to the offence of which a party may be convicted, and the allegation of a day within the period of limitation is material, whenever the offence is subject to limitation. When an indictment is found against a citizen for a violation of a public law, the State is bound to allege such facts as if established by evidence will authorize the arrest, detention and judgment of the law thereon. The indictment must, upon its face, show that a public law of the State has been violated, but also that the offender has been indicted therefor, in the manner and within the time prescribed by the law of the land. All such facts and allegations as are necessary under the law to authorize the arrest, detention, trial, and conviction of the offender should affirmatively ap-

pear on the face of the indictment; then, upon a conviction
of the offender, it will be presumed from an inspection of the
indictment that such facts and allegations were duly proved
on the trial. In a criminal prosecution, on a motion to arrest
the judgment, the court will not presume anything against
the defendant beyond what appears on the face of the in-
dictment. *Rex* v. *Wheatly*, 2 Burrows, 1,127; *McLane* v.
*State, supra.*

In the case of the *State* v. *Bruce*, 26 W. Va. 153, in which
the defendant was indicted in two cases for selling spirituous
liquors without license, the second count in each indictment
charged the defendant with so selling as a druggist, but
failed to allege any date on which the alleged offences were
committed, this Court for that cause decided that an indict-
ment for selling spirituous liquors which fails to aver the
date of the sale, or that the sale was made within one year
before the indictment was found by the grand jury, is fatally
defective, and will be held bad on general demurrer; and
Judge Snyder, in delivering the opinion of the Court, says:
"It is, of course, unnecessary to allege any particular date or
day in such case, but it is indispensable that the indictment
should disclose on its face that the offence was committed
within the statutory limitation."

In what manner may the defendant avail himself of such
defect in the indictment? The law affords him three modes
whereby he may take advantage of such defect; he may move
to quash the indictment, or demur thereto, or, after verdict
found against him, he may move in arrest of judgment. At
common law a demurrer to the indictment was seldom re-
sorted to, for the reason that any objection which would
have been fatal on demurrer (with few exceptions) was
equally fatal on motion in arrest of judgment. Whart.
Crim. Pl., § 759; Archb. Crim. Pl., 115. But the remedy
by motion in arrest of judgment is now rendered much
less effectual, the statute in many of the States which
now require certain objections formerly available on
motion in arrest of judgment, to be made before verdict
found. By section 11, ch. 158, Code, it is declared that,
"judgment in any criminal case, after a verdict, shall not be
arrested or reversed upon any exception to the indictment

or other accusation, if the offence be charged therein with sufficient certainty for judgment to be given thereon according to the very right of the case." While the motion in arrest of judgment has by this statutory provision been rendered less effectual than it was at common law, the remedy by demurrer to the indictment remains unimpaired, and may be resorted to in all cases where the defendant would be entitled to move in arrest of judgment. In all cases where an indictment is so defective that any judgment to be given upon it against the defendant would be erroneous, the court in its discretion may quash it; thus an indictment found in a court having no jurisdiction of the offence will be quashed in a superior court, and so where the finding is on its face bad, or where the indictment charges an offence excluded by a statute of limitations, and for many other reasons which need not be here cited. 1 Archb. Crim. Pr. 102; Whart. Crim. Pl., § 385; 1 Bish. Crim. Proc., §§ 168, 771.

But the court will not quash an indictment except in a very clear case, but in doubtful cases will leave the party to his demurrer, or motion in arrest of judgment. But a party indicted may also demur to the indictment against him wherever it is defective in substance or form, and upon such demurrer he may take advantage of any error to the same extent as he might by motion in arrest of judgment, and because of the efficiency of the latter remedy the demurrer at common law was seldom resorted to; but since many of the errors which were formerly sufficient to arrest the judgment are no longer available for that purpose, the demurrer in this State is a more efficient remedy than a motion to quash the indictment, or a motion in arrest of judgment. The demurrer admits the facts demurred to, and refers their legal sufficiency to the court. It puts in issue the legality of the whole proceedings, and compels the court to examine the validity of the whole record. But, as already intimated, there are many errors which cannot now be taken advantage of by motion in arrest of judgment. Among these are duplicity, which is fatal on motion to quash, or on demurrer; or where there has been a misjoinder of counts and the defendant has gone to trial without motion to quash, or to put the prosecutor to election; and so with all essential averments

the truth of which would be implied by the verdict, or for any other defect in charging the offence. Where, according to our statute, it is charged in the indictment with sufficient certainty for judgment to be given thereon according to the very right of the case. Whart. Crim. Pl., §§ 759, 760; 1 Bish. Crim. Proc., §§ 1,282, 1,286; 1 Archb. Crim. Pr. 178, 180.

But it is contended for the defendant in error that, as there is no bill of exceptions showing either the evidence offered at the trial or the facts proven, the presumption is conclusive that the judgment upon the issue of facts was correct.  The answer to this argument is that the court has no right to presume that any fact material to convict the accused has been proved on the trial, unless it appears affirmatively that such facts are alleged on the face of the indictment, for we have already shown that in a criminal charge " there is no latitude of intention to include anything more than is charged in the indictment." It is further suggested in argument on behalf of the defendant in error, that if a motion for a new trial had been made below, or a motion in arrest of judgment, or some exception taken to the judgment at the trial, the court might have sustained such motion, and saved the State the expense of the proceedings on a writ of error.  The answer to this argument is that the defendant had the right to and did demur to the indictment, and if her demurrer was well taken, she was entitled to all the relief she could have received on a motion in arrest of judgment, which was, as we have already shown, to have her objection to the indictment sustained, and the prosecution dismissed.  She was not compelled to plead over, after her demurrer was overruled; she had a right to rest her defence upon her demurrer, and if overruled, to permit judgment to go against her; and the fact that she pleaded " not guilty," and a trial was had upon the issue on that plea, did not deprive her of the right to rely upon her demurrer. From what we have shown her demurrer was improperly overruled, and by this error of the Circuit Court she has been deprived of a clear legal right which it will be presumed, was to her prejudice, unless it affirmatively appears from the whole record that she could not have been injured thereby.

For this error the judgment of the Circuit Court must be

reversed, and this Court proceeding to render such judgment as the Circuit Court should have rendered, it is considered that the defendant's demurrer to the indictment be, and the same is hereby, sustained, and that the defendant from the said indictment be dismissed and discharged.

REVERSED.