(63 App. Div. 382.)

## PEOPLE v. AUSTIN.

(Supreme Court, Appellate Division, Second Department.   July 25, 1901.)

CRIMINAL LAW—LIMITATIONS—PRESENTATION OF QUESTION—APPEAL.

An accused was indicted for murder in the second degree 14 years after the commission of the crime, and was convicted of manslaughter. Before the judge's charge, he moved for discharge on the ground that, from lapse of time, he could not be convicted of manslaughter; and after the verdict he again moved for his discharge and in arrest of judgment. *Held,* that such motions were properly denied, as the question whether the offense of manslaughter, of which he was convicted, was barred by limitations, could only be raised by proof under a plea of not guilty, and by an appropriate request to charge.

Appeal from Dutchess county court.

Peter Austin was convicted of manslaughter in the second degree, and he appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ..

Frank B. Lown (Charles A. Hopkins, on the brief), for appellant.
William R. Lee, Dist. Atty., for the People.

HIRSCHBERG, J.   The appellant, in an altercation with one Charles Brower, on the 2d day of July, 1886, killed him, and hid his body in an unused well.   The crime was not discovered until the summer of 1900, and on September 13th of that year the appellant was indicted for murder in the second degree.   The only point presented on the appeal is that as more than five years intervened between the commission of the crime and the finding of the indictment, and as, by section 142 of the Code of Criminal Procedure, the appellant could not be indicted for manslaughter after the lapse of five years, he could not be lawfully convicted for that offense under the indictment for murder, notwithstanding the provision of section 141 to the effect that there is no limitation of time within which a prosecution for murder must be commenced.   By section 141 of the Code of Criminal Procedure it is provided that "there is no limitation of time within which a prosecution for murder must be commenced. It may be commenced at any time after the death of the person killed."   By section 142 it is provided that "an indictment for a felony, other than murder, must be found within five years after its commission, except where a less time is prescribed by statute."   And by section 444 it is provided that, "upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the crime."   The appellant was clearly prosecuted for murder.   He was not indicted for manslaughter, and the conviction was for an inferior degree of the crime of homicide.   Strictly speaking, and in the phraseology of section 444, the appellant has been found guilty of the crime charged against him, not in the degree charged, but in an inferior degree.   No express provision of the statutory law has, therefore, been violated; but, as the statute is to be liberally construed (People v. Menken, 36 Hun, 90), a strong argument is made that, within the

spirit of the limitation, no conviction should be allowed for an in-
ferior degree of an offense, when the time for the prosecution of
that degree had expired when the indictment was found, charging
the main offense. The authorities are not harmonious. The only
case upon the question in this state which has been found is that of
People v. Dowling, 1 N. Y. Cr. R. 529. It is a decision rendered at
the Albany oyer and terminer in January, 1884, under the former
statute (2 Rev. St. p. 726, § 37), providing that an indictment for mur-
der might be found at any time after the death of the person killed,
and that other indictments must be found within five years after the
commission of the offense. The court held that under an indictment
for murder the defendant might be convicted of manslaughter, not-
withstanding more than five years had elapsed between the commis-
sion of the offense and the finding of the indictment. Mr. Justice
Larned said (page 531):

"But I think I am bound to take the strict language of the statute, and
that I have no right to extend it by implication. That statute limited sim-
ply the time for finding indictments. Along with that statute stood the sec-
tion last quoted,—that, upon an indictment for any offense consisting of dif-
ferent degrees, the jury may find the accused guilty of any degree of such
offense inferior to that charged, or of an attempt to commit such offense.
I do not think I have a right, by construction, to interpolate into that sec-
tion (27) the words 'if such indictment be found within the time prescribed
for such inferior degree.' It will be noticed that section 27 also authorizes
the finding the accused guilty of an attempt, etc. There are special provi-
sions for punishing attempts. 2 Rev. St. p. 698, § 3. Could the court as-
sume to say that under this section (27), on an indictment for murder, when-
ever found, the jury might not convict of an attempt?"

To the like effect is Clark v. State, 12 Ga. 350. The Penal Code
there provided that an indictment for an assault with intent to mur-
der should be found within four years next after the commission of
the offense, and for an assault and battery within two years. The
court held that, under a timely indictment for assault with intent to
murder, the defendant could be convicted of assault and battery,
although the statute had run against that charge at the time of the
finding of the indictment. Warner, J., said (page 352):

"In this case the indictment accusing the defendant with having commit-
ted the offense of an assault with intent to murder was found and filed in
the proper court within four years from the time the offense was alleged
to have been committed; but the defendant insists that inasmuch as the
petit jury, on the traverse of the bill of indictment, found him guilty of an
assault and battery only, and more than two years having elapsed from the
time of the offense and the finding and filing the bill of indictment, that he
is protected by the statute. The answer is that the statute applies to the
indictment on which the defendant was arraigned and tried, and not to the
minor grade of offense for which he might be found guilty on the trial for
the higher grade of crime for which the grand jury accused him. The de-
fendant was indicted for an assault with intent to murder, was arraigned
and tried on that indictment, and had all the rights and privileges incident
to a trial for that grade of offense. The statute of limitations, in our judg-
ment, as provided by the Penal Code, applied to the offense for which the
defendant was indicted, and not to the minor offense of assault and battery,
of which he was found guilty on the traverse of that indictment."

There are many cases decided in other states to the contrary.
Among them are People v. Miller, 12 Cal. 291; People v. Picetti, 124

Cal. 361, 57 Pac. 156; Riggs v. State, 30 Miss. 635; White v. State, 4 Tex. App. 488; People v. Burt, 51 Mich. 199, 16 N. W. 378. See, also, Bish. St. Crimes (3d Ed.) § 261d. In People v. Miller, supra, the reasoning by which the result was reached was admittedly in conflict with the decision in this state in People v. Van Santvoord, 9 Cow. 655, and the case, therefore, need not be regarded as authority here. In White v. State, supra, the decision apparently rested upon the wording of the statute of the state of Texas, and was not regarded by the court as necessarily conflicting with Clark v. State, supra. The court said in reference to the latter case (page 491):

"The supreme court held that the statute of limitations, as provided by the Penal Code, applied to the offense for which defendant was indicted, and not the minor offense of assault and battery, of which he was found guilty on the traverse of that indictment. The court based their decision solely upon the thirty-fifth section of the fourteenth division of the Penal Code, which we have given. The difference between that section of their Penal Code and article 185 of our Code of Procedure (Pasch. Dig. art. 2652) will be readily seen by comparing them together."

In Riggs v. State, supra, the language of the statute was that "no person should be prosecuted, tried or punished, for any offence, wilful murder," etc., "excepted, unless the indictment, presentment, or information for the same, be found or exhibited within one year next after the offence shall be done or committed." The express provision that no one should be punished for an offense after the period for finding an indictment charging it had elapsed necessarily precluded a conviction therefor. In People v. Burt, supra, the defendant was indicted and convicted of murder. The statute in Michigan is very similar to ours. On appeal the attorney general confessed error in the reception of evidence against the accused. The court found that in no view of the case could the killing be regarded as more than manslaughter, and discharged the defendant (page 203), "inasmuch as, if respondent had been indicted for manslaughter, the prosecution would have been outlawed," and it was thought that he should not, therefore, be subjected to another trial. The precise point now under consideration was accordingly decided only inferentially, if at all.

This brief reference to the conflicting decisions upon the subject is made because, as has been said, it involves the only point argued upon the appeal; but we do not feel called upon to decide the question in this case, inasmuch as it does not appear to have been properly raised in the court below. The evidence has not been returned in full, but only so much of it as the parties have considered necessary for the purposes of the point stated, together with an agreed statement of facts. The point could only be raised by proof upon the trial under the plea of not guilty (People v. Durrin, 2 N. Y. Cr. R. 328, and cases cited), and by some appropriate request to charge. The agreed facts establish that the appellant was within the state and county during the 14 years of successful concealment of his crime, so that an indictment for manslaughter could have been found and prosecuted within the 5 years, but no request was made to the learned county judge to charge the jury that therefore a con-

viction could not be had for manslaughter. A motion was made on behalf of the appellant which appears in the case in this form:

"At the close of the whole case, and before the judge's charge, the defendant's counsel moved that the prisoner be discharged upon the ground that he could not be convicted as charged, for the reason that, owing to the lapse of time, he could not be convicted of manslaughter."

This motion was denied, and very properly so. The appellant was not entitled to a discharge, in any view. The indictment contained but a single charge, viz. that of murder in the second degree; and, conceding that the appellant could not be convicted of manslaughter, owing to the lapse of time, it would not follow that he could not be convicted "as charged."

The case further contains the following:

"After the finding of the verdict, the defendant's counsel moved that on the indictment, on the evidence, the certificate of conviction, and upon the whole record of the case, the defendant be discharged, upon the ground that the statute of limitations was a bar to any prosecution for the crime of manslaughter; and, upon the same grounds, in arrest of conviction, and of the judgment to be entered thereon."

This motion was properly denied. It is to be observed that no objection was made to the reception of the verdict, and no request made that the jury be instructed, even then, that such a verdict was improper. The appellant, having voluntarily taken advantage of the verdict, was certainly not entitled to be discharged on an arrest of judgment, unless it appears that there was not sufficient evidence to convict him of any crime. Code Cr. Proc. § 470. But the question that the offense of which the accused has been convicted is barred by the statute of limitations is not presented on a motion in arrest of judgment. By section 467 of the Code of Criminal Procedure it is provided that that motion may be founded on any of the defects in the indictment mentioned in section 331. Section 331 relates to but two defects: (1) Want of jurisdiction in the court over the subject of the indictment; and (2) that the facts stated do not constitute a crime. And these objections, it is provided, may be taken at the trial, under the plea of not guilty, and in arrest of judgment. In People v. Buddensieck, 103 N. Y. 487, 9 N. E. 44, 57 Am. Rep. 766, it was held that these two objections only are available upon a motion in arrest of judgment. If, however, on such motion all the grounds of demurrer mentioned in section 323 of the Code of Criminal Procedure are to be deemed included, the result will be the same. Clearly, the indictment in this case is not demurrable. It charges a crime committed within the jurisdiction, and one which is never barred by time.

The judgment should be affirmed. All concur.

JENKS, J. I concur in that part of the opinion of Mr. Justice HIRSCHBERG which holds that the question presented was not properly raised in the trial court. On the main question discussed, but not decided, I entertain the view that, had the question been raised, the conviction must be reversed. The defendant stands convicted on manslaughter in the second degree. The statute prohibits an indictment for that felony, inasmuch as more than five years have

elapsed since the commission of the crime. Section 142, Code Cr. Proc. As this crime was to be prosecuted by indictment (section 4, Id.), section 142 is a bar to any trial for this offense. But it is insisted that, because the defendant was convicted of manslaughter upon the trial of an indictment for murder in the second degree, the conviction is valid, mauger the statute. Necessarily, this contention is founded upon a construction that the statute does not prohibit the trial for manslaughter, but is one of limitation only against an indictment, and consequently a trial, for the specific crime of manslaughter. Or, in other words, there cannot be direct accusation and consequent trial for the crime on account of the lapse of more than five years, but that this passage of time which is deemed a proper limitation against a direct proceeding is not a bar, provided the conviction for manslaughter result upon the trial of an indictment for murder. I can see no good reason why the state should enact a statute of limitations upon direct procedure, and thereby afford immunity for a crime, and yet permit punishment for the same crime by the indirect procedure of mere accusation for a different crime. I can see no reason for the public policy that permits punishment for a crime when it has been proven upon the trial of an indictment for murder, and prohibits punishment for the same crime if it be sought by direct indictment. The fact that manslaughter is a degree of homicide does not change the character of the offense, or afford any reason that it should be punished that does not obtain when we term it "manslaughter." The fact that a grand jury, upon the evidence presented, deems that the act constitutes murder, so as to warrant such accusation, adds nothing to the gravity of the act which the verdict of the petit jury determines as manslaughter, of which crime alone the defendant is convicted. Whatever the trial be,—for murder or for manslaughter,—the verdict decides that the crime is manslaughter, and nothing more. The crime, as I have said, must be tried by indictment. Section 4, Code Cr. Proc. The indictment found was for the commission of a certain act under circumstances which are charged to constitute murder in the second degree, but that very act is determined by trial to constitute manslaughter in the second degree; and therefore I think that the indictment upon which the defendant was tried may be regarded as an indictment for the offense of which the defendant was convicted, to the extent that it should be regarded within the purview of the said section 142 of the Code of Criminal Procedure. In other words, I think that the fair interpretation of the statute prohibits conviction for the felony of manslaughter in the second degree in such a case. Statutes of limitation in the criminal law are not subject to the strict construction that obtains in the civil law. Mr. Wharton, in his work on Criminal Pleading and Practice, states the principle of construction as follows (section 316):

"We should at first observe that a mistake is sometimes made in applying to statutes of limitation in criminal suits the construction that has been given to statutes of limitation in civil suits. The two classes of statutes, however, are essentially different. In civil suits the statute is interposed by the legislature as an impartial arbiter between two contending parties.

In the construction of the statute, therefore, there is no intendment to be made in favor of either party. Neither grants the right to the other. There is therefore no grantor, against whom the ordinary presumptions of construction are to be made. But it is otherwise when a statute of limitation is granted by the state. Here the state is the grantor, surrendering by act of grace its right to prosecute, and declaring the offense to be no longer the subject of prosecution. The statute is not a statute of process, to be scantily and grudgingly applied, but an amnesty, declaring that, after a certain time, oblivion shall be cast over the offense; that the offender shall be at liberty to return to his country and resume his immunities as a citizen; and that from henceforth he may cease to preserve the fruits of his innocence, for the proofs of his guilt are blotted out. Hence it is that statutes of limitation are to be liberally construed in favor of the defendant, not only because such liberality of construction belongs to all acts of amnesty and grace, but because the very existence of the statute is a recognition and notification by the legislature of the fact that time, while it gradually wears out proofs of innocence, has assigned to it fixed and positive periods in which it destroys proofs of guilt. Independently of these views, it must be remembered that delay in instituting prosecutions is not only productive of expense to the state, but of peril to public justice, in the attenuation and distortion, even by mere natural lapse of memory, of testimony. It is the policy of the law that prosecutions should be prompt, and that statutes enforcing such promptitude should be vigorously maintained. They are not merely acts of grace, but checks imposed by the state upon itself, to exact vigilant activity from its subalterns, and to secure for criminal trials the best evidence that can be obtained."

See, too, People v. Lord, 12 Hun, 282.

Mr. Bishop, in his work on Statutory Crimes (3d Ed., § 261d), says:

"There are decisions, not requiring special consideration, as to what offenses are within the varying terms of our limitations statutes. Now * * *

"Offenses within One Another. In those cases in which a conviction for a minor offense may be had on an indictment for a major, the same as in any other, the particular one for which the verdict is found must not be barred by the statute."

People v. Picetti, 124 Cal. 361, 57 Pac. 156; Riggs v. State, 30 Miss. 635; White v. State, 4 Tex. App. 488, citing State v. Freeman, 17 La. Ann. 69; Turley v. State, 3 Heisk. 10; Nelson v. State, 17 Fla. 195; Com. v. Ruffner, 28 Pa. 259.

I think that as, upon any construction of this statute, it is at least a bar to trial, conviction, and punishment upon an indictment for the specific felony, in that it prohibits indictment, which is the sole procedure authorized (section 4, Code Cr. Proc.), the fact that in any of the cases cited the statute considered prohibited punishment does not affect the force of their authority upon the general principle. I think that the decision of the oyer and terminer in People v. Dowling, 1 N. Y. Cr. R. 530, should not be followed. The learned justice who wrote, after stating that the position taken by the prisoner's counsel "may seem to be within the equity of the statute," thought that he was bound to take the strict language thereof. He also pointed out that with the statute stood the other statute,—that, upon an indictment for any offense consisting of different degrees, the jury may find the accused guilty of any such offense inferior to that charged. But even so; both statutes could stand and be effective, for, where five years had not intervened the commission of the crime and the indictment, then the latter statute

might still apply. Its application is but limited. Clark v. State, cited in the opinion of Mr. Justice HIRSCHBERG, and also cited as authority in People v. Dowling, supra, is characterized by Mr. Wharton (Cr. Pl., note to section 324) as "a remarkable case," which I take to be an expression of doubt of the soundness of the doctrine, inasmuch as the facts were commonplace.