(March 1, 1921.)

STATE, Respondent, v. A. J. STEENSLAND, Appellant.

[195 Pac. 1080.]

CRIMINAL LAW—STATUTES OF LIMITATION.

1. Statutes of limitation in criminal cases differ from those in civil cases, in that in civil cases they are statutes of repose, while in criminal cases they create a bar to the prosecution.

2. The time within which an offense is committed is a jurisdictional fact in all cases subject to limitation.

3. A plea of not guilty raises the issue of the bar of the statute of limitations in all cases where the prosecution of the offense is subject to limitation.

4. Where the issue of the statute of limitations is raised by a plea of not guilty, the time when the offense was committed becomes a material element in the case, and proof must be made by the state tending to show that its right to prosecute and punish for the offense alleged in the indictment or information is not barred.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. Wm. A. Babcock, Judge.

Defendant was convicted of transporting intoxicating liquor into a prohibition district. *Reversed.*

Bissell & Bird, for Appellant.

The alleged offense is barred by the statute of limitations. (Sec. 8703, C. S.; 16 C. J. 230; *People v. Ayhens,* 85 Cal. 88, 24 Pac. 635; *Vaughn v. Congdon,* 56 Vt. 111, 48 Am. Rep. 758; sec. 801, Kerr's Penal Code Cal.; and cases cited.)

"The plea of not guilty puts in issue every material allegation of the indictment" (or information). (Sec. 8882, C. S.)

"The plea of the statutory bar need not have been specially made by him. It could have been made as well under

2. Remedy of accused not brought to trial within constitutional or statutory period, see notes in 85 Am. St. 188; Ann. Cas. 1912D, 1273.

the plea of not guilty." (*State v. Rook*, 61 Kan. 382, 59 Pac. 653, 49 L. R. A. 186.)

Roy L. Black, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

The defendant must demur when it appears on the face of the indictment that there is stated therein such matter as constitutes a legal bar to the prosecution. (Sec. 8870, C. S.; *State v. Hinckley*, 4 Ida. 490, 42 Pac. 510; *People v. Nash*, 1 Ida. 206.)

In criminal actions a defense of the statute of limitations is waived unless taken advantage of by demurrer. (Sec. 8878, C. S.; *People v. Nash*, 1 Ida. 206; *State v. Hinkley*, *supra*; *In re Alcorn*, 7 Ida. 101, 60 Pac. 561; *In re Dawson*, 20 Ida. 178, 117 Pac. 696, 35 L. R. A., N. S., 1146.)

RICE C. J.—On November 12, 1917, an information was filed in the district court, charging that appellant on or about the fifth day of October, 1916, wilfully and unlawfully transported intoxicating liquors into a prohibition district of the state. Appellant entered a plea of not guilty, and upon the trial was convicted. He has appealed from the judgment.

The crime charged by the information is in this state a misdemeanor.

C. S., secs. 8703, 8704 and 8705 read as follows:

"Sec. 8703. An indictment for any misdemeanor must be found within one year after its commission."

"Sec. 8704. If, when the offense is committed, the defendant is out of the state, the indictment may be found within the term herein limited after his coming within the state, and no time during which the defendant is not an inhabitant of, or usually resident within, the state is part of the limitation."

"Sec. 8705. An indictment is found, within the meaning of this article, when it is presented by the grand jury in open court, and there received and filed."

It is provided by C. S., sec. 8812, that the provisions of the code in relation to indictments shall, as near as may be, apply to informations upon all prosecutions and proceedings thereon.

Statutes of limitation in criminal cases differ from such statutes in civil cases, in that in civil cases they are statutes of repose, while in criminal cases they create a bar to the prosecution, (1 Wharton's Crim. Proc., 10th ed., sec. 367, p. 415; *Moore v. State,* 43 N. J. L. (14 Vroom) 203, 39 Am. Rep. 558; 17 R. C. L., sec. 56, p. 704.)

The first question presented by the record is whether the information, having alleged that the misdemeanor was committed more than a year before the information was filed, fails to state a public offense and is therefore insufficient to support a judgment of conviction. Upon this question the authorities are in conflict. In many jurisdictions it is held that if the state relies upon an exception to remove the bar of the statute, it is incumbent upon the state to plead and prove the exception. (*People v. Miller,* 12 Cal. 291; *People v. Gregory,* 30 Mich. 371; *Vaughn v. Congdon,* 56 Vt. 111, 48 Am. Rep. 758; *State v. Robinson,* 29 N. H. 274; *McLane v. State,* 4 Ga. 335; *State v. Ball,* 30 W. Va. 382, 4 S. E. 645; *State v. Rust,* 8 Black. (Ind.) 195; *Garrison v. State,* 87 Ill. 96; *Lamkin v. State,* 94 Ill. 501; *People v. Hallberg,* 259 Ill. 502, 102 N. E. 1005; *White v. State,* 4 Tex. App. 488; *State v. Shaw,* 113 Tenn. 536, 82 S. W. 480; *State v. Bischoff,* 146 La. 748, 84 So. 41; *State v. Drum* (Mo.), 217 S. W. 23; *State v. Colvin* (Mo.), 223 S. W. 585; *Letcher v. State,* 159 Ala. 59, 17 Ann. Cas. 716, 48 So. 805; *United States v. Owen,* 32 Fed. 534.)

In some jurisdictions it is held a jurisdictional prerequisite to prosecution and punishment that the indictment or information show that the offense was committed within the period of limitation, and if an exception be relied upon, the existence of the exception which removes the bar of the statute. (*People v. Miller, supra; Vaughn v. Congdon, supra; People v. Gregory, supra; Ex parte Hoard,* 63 Tex. Cr. 519, 140 S. W. 449. )

In *People v. Miller, supra,* it is said:

"The object of pleading is to apprise a party of the precise charge made against him, and to enable him to defend himself and to avail himself of all his legal rights and privileges. It is generally true that every essential fact must be stated in the indictment; and this means every fact material to the offense of which the party may be convicted; and the allegation of a day within the period of limitation is material, whenever the offense is subject to limitation. . . . .

"It is true that the statute of limitations excludes from computations the time the defendant may be out of the state, but the rule is, that this exception must be stated in the pleading. *Prima facie,* the lapse of time is a good defense, and if the statutory exception is relied on, the state should set it up. This is the rule in civil pleadings under our system, and it is not less strict in criminal cases."

Opposed to this view is the case of *United States v. Cook,* 18 Wall. 168, 21 L. ed. 538, see, also, Rose's U. S. Notes. In this case it is said:

"Accused persons may avail themselves of the statute of limitations by special plea or by evidence under the general issue, but courts of justice, if the statute contains exceptions, will not quash an indictment because it appears upon its face that it was not found within the period prescribed in the limitation, as such a proceeding would deprive the prosecutor of the right to reply or give evidence, as the case may be, that the defendant fled from justice and was within the exception. (*United States v. White,* 5 Cranch C. C. 60 [Fed. Cas. No. 16,675]; *State v. Howard,* 15 Rich. (S. C.) 282.) Nor is it admitted that any different rule would apply in the case even if the statute of limitations did not contain any exception, as time is not of the essence of the offense; and also for the reason that the effect of the demurrer, if sustained, would be to preclude the prosecutor from giving evidence as he would have a right to do, under the general issue, to show that the offense was committed within two years next before the indictment was found and filed."

See, also, *State v. Unsworth,* 85 N. J. L. 237, 88 Atl. 1097; *Packer v. People,* 26 Colo. 306, 57 Pac. 1087; *People v. Bailey,* 103 Misc. Rep. 366, 171 N. Y. Supp. 394.

The theory of these cases appears to be fundamentally that time is not of the essence of the offense; that the statute of limitations offers a defense of which the accused may take advantage at the trial or which he may waive, and that a showing upon the trial by the accused that the statute has run is subject to rebuttal by the state.

We are of the opinion, however, that the statute does not offer a privilege which requires any action on the part of the accused either to accept or reject; that, on the contrary, the state has seen fit to deprive itself of the right to prosecute in all cases coming within the terms of the statute, and that the time within which an offense is committed thus becomes a jurisdictional fact in all cases subject to limitation.

The exception contained in the statute is not one enacted for the benefit of the accused, but for the benefit of the state. By C. S., sec. 8703, it is provided that the indictment must be found within one year after the commission of the offense when it is a misdemeanor. But it is provided in C. S., sec. 8704, that the state does not grant this absolute bar, but reserves to itself the right to prosecute and punish, in cases where a defendant was absent from the state when the crime was committed and when the accused was absent or not usually resident within the state during a portion of the time, and there is excluded from the computation such period of time as the accused may be absent or not usually resident in the state. The exception, being for the benefit of the state, it is incumbent upon the state to show that it obtains.

Where an information charges that a misdemeanor was committed more than a year before the filing thereof, it is subject to demurrer. Under C. S., sec. 8870, the defendant may demur to the indictment when it appears on the face thereof that it contains any matter which, if true, would constitute a legal bar to the prosecution.

C. S., sec. 8878, is as follows: ''When the objections declared grounds of demurrer by this article appear upon the face of the indictment, they can only be taken by demurrer, except that the objections to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a public offense, may be taken at the trial under the plea of not guilty, or after the trial in arrest of judgment.''

Since there may be conditions existing under which the accused may be tried and convicted of an offense committed prior to the statutory period of limitation, it does not necessarily follow that the court is without jurisdiction to proceed in a case though the indictment or information alleges the offense was committed prior to the statutory period. Under section 8878, *supra,* a plea of not guilty presents as an issue of fact the question of the bar of the statute. Where the issue is so raised, upon the trial the state must prove the commission of the offense within the statutory period, or the existence of conditions which preserve the right in the state to prosecute after the time limited by the statute. (*State v. Bischoff* (La.), *supra.*)

In the case at bar, the evidence at the trial showed the commission of the offense on or about the date alleged in the information, which was more than a year before the filing of the information. The evidence shows that appellant was in the state at the time of the commission of the offense. There is no evidence to show or tending to show that after the commission of the offense appellant was absent from the state at any time before the information was filed. There is, therefore, an entire absence of evidence to show or tending to show the right of the state to prosecute for the offense. (See *Hughes & Co. v. Commonwealth* (Ky.), 101 S. W. 1194; *Gill v. State,* 38 Ark. 524; *People v. Meyers,* 39 Cal. App. 244, 178 Pac. 965.)

The judgment is reversed. Since, however, appellant did not demur to the information but raised the question of the statute of limitations by his plea of not guilty, the court will not order that he be discharged from custody, but will direct

a new trial, leaving it to the prosecuting attorney to move to dismiss the case should he consider that he cannot produce sufficient evidence to justify another trial.

Budge, McCarthy, Dunn and Lee, JJ., concur.