JOHN GARRISON *alias* John Dimmick

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT—*not found within period of limitation, bad.* A count in an indictment found in September, 1876, charging a larceny to have been committed in January, 1866, without showing that the accused had, at any time, been a "person fleeing from justice," is clearly bad,.as showing on its face that the offense was barred.

2. LIMITATION—*as to criminal prosecutions—effect of repeal.* Under the Rev. Stat. of 1874, the revision and repeal thereby of any statute of limitation does not stop the running of such statute as against offenses committed before such revision or repeal, but as to such offenses such statute is continued in force.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. H. H. CODY, Judge, presiding.

Mr. H. F. VALLETTE, for the plaintiff in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Plaintiff in error was convicted of larceny upon the second count of an indictment; the other counts were quashed by the court before trial. A motion to quash the second count was made before plea, and overruled, and this is assigned as error. That count charges the larceny to have been committed on January 21, 1866. The indictment was found at September term, 1876. The statute of limitations in force in 1866, provided that

no person should be prosecuted or tried for larceny, "unless the indictment for the same shall be found by a grand jury within three years next after the offense shall have been done or committed, provided that nothing herein contained shall extend to any person fleeing from justice." This indictment, upon its face, shows it was not found until more than three years after the alleged commission of the offense, and this count does not contain a charge that the accused had, at any time, been a "person fleeing from justice." Under that statute the count is clearly bad, and ought to have been quashed, unless that statute be rendered inoperative by subsequent legislation. In the Revised Statutes of 1874 there is a repealing statute covering the former criminal code and laws of limitation, and at the end thereof it is provided, "When any limitation law has been revised by this or the 27th General Assembly, and the former limitation law repealed, such repeal shall not be construed so as to stop the running of any statute, but the time shall be construed as if such repeal had not been made."

The statute of limitation applicable to this case was revised, and the former limitation was repealed, and this statute had begun to run before the revision and repeal. Hence it did not cease to run. By this saving section, all the limitations, with all their provisos and exceptions, which were in force and had begun to run before the revision, are continued in force as to all offenses alleged to have been committed before the revision and repeal of the same. On the face of the count the prosecution was shown to have been barred, and the count ought to have been quashed. The judgment of conviction must be reversed and defendant discharged.

*Judgment reversed.*