THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. WALLACE HALLBERG, Plaintiff in Error.

*Opinion filed October 28, 1913.*

1. CRIMINAL LAW—*an indictment showing, on its face, that offense is barred by the statute is insufficient.* An indictment which shows, on its face, that the offense charged is barred by the Statute of Limitations is insufficient, and the question is properly raised by a motion to quash.

2. SAME—*the highest degree of certainty is required in indictments.* The highest degree of certainty is required in indictments, and courts, in construing indictments challenged by a motion to quash, are not at liberty to depart from the words of the indictment itself and speculate as to the possible intention of the writer.

3. SAME—*when an allegation with reference to non-residence of defendants is bad.* An allegation in an indictment against two persons for robbery, that "the said Wallace Hallberg and the said Howard Bengtson since said tenth day of December, * * * not being a resident within the State of Illinois," is not sufficient to show that the defendants were both non-residents of the State or which one was a non-resident, and is bad for uncertainty.

4. SAME—*allegation negativing residence of defendants need not use the words "usually and publicly."* The fact that an allegation intended to negative the residence of the defendants within the State from the time of the commission of the offense charged does not use the words "usually and publicly," is not ground for a motion to quash the indictment.

FARMER, CARTER and DUNN, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding.

B. A. KNIGHT, for plaintiff in error.

P. J. LUCEY, Attorney General, GUST E. JOHNSON, State's Attorney, and ARTHUR R. ROY, for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Plaintiff in error, Wallace Hallberg, was indicted, tried and convicted in the circuit court of Winnebago county for the crime of robbery. The indictment originally consisted

of two counts. The second count was quashed on motion and the case was submitted to the jury upon the first count, alone. The count upon which plaintiff in error was convicted, omitting the caption, is as follows:

"That Wallace Hallberg and Howard Bengtson, late of said county, on the tenth day of December, in the year of our Lord one thousand nine hundred and eight, at and within the said county of Winnebago, in and upon one Albert Lawson feloniously, unlawfully and violently did make an assault and the said Albert Lawson in bodily fear and danger of his life then and there feloniously, unlawfully and violently did put, and divers pieces of the legal paper currency of the United States of America, the denomination and further description of which legal paper currency is to the grand jury here unknown, and of the value of $600, and divers pieces of the legal coin currency of the United States of America, the more particular description of which is to the grand jury here unknown, and of the value of $100, of the goods, chattels and moneys of the said Albert Lawson, from the person and against the will of the said Albert Lawson then and there feloniously, unlawfully and violently did rob, steal, take and carry away, the said Wallace Hallberg and the said Howard Bengtson since said tenth day of December, in the year of our Lord one thousand nine hundred and eight, not being a resident within the State of Illinois, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same People of the State of Illinois."

The only error relied on for a reversal is the overruling of the motion to quash the above count in the indictment. This indictment was returned by the grand jury at the April term of court in the year 1912. The date stated in the indictment on which the offense is alleged to have been committed is December 10, 1908. It therefore appears on the face of the indictment that the offense is barred by the Statute of Limitations unless the averment "the said Wal-

lace Hallberg and the said Howard Bengtson since said tenth day of December, in the year of our Lord one thousand nine hundred and eight, not being a resident within the State of Illinois," is sufficient, under paragraph 317 of the Criminal Code, to bring the case within the exception there stated. Our statute fixes three years as the limitation within which an indictment for robbery must be found, but paragraph 317 provides as follows: "No period during which the party charged was not usually and publicly resident within this State shall be included in the time of limitation." An indictment which on its face shows that the offense charged is barred by the Statute of Limitations is insufficient under the rule established in this State, and the question is properly raised by a motion to quash. *Garrison* v. *People,* 87 Ill. 96; *Lamkin* v. *People,* 94 id. 501.

It is first objected that the indictment in question omits the words of the statute, "usually and publicly." We do not regard this objection as of any force. An averment that one is not a resident of the State sufficiently negatives the requirement that he was not usually and publicly such resident. If by the averment the prosecutor elected to take upon himself a greater burden than the law required by using the word "resident" without qualification, that would afford no reason for quashing the indictment.

It is next objected that the indictment is uncertain, in that "the said Wallace Hallberg and the said Howard Bengtson * * * not being a resident within the State of Illinois" is not an averment that both of the parties charged were not residents within the State, and that "a resident" being singular, it is impossible to construe it as referring to both of the parties charged, and that there is nothing to guide one in applying it to one of them. While false grammar and incorrect spelling will not vitiate an indictment if the meaning is clear and unequivocal, still there are well established rules which the courts have no power to disregard and that must be observed in the preparation

of indictments. One of the rules that has always been recognized in this jurisdiction is, that there must be the highest degree of certainty as to the meaning of the indictment. (*Wilkinson* v. *People,* 226 Ill. 135.) Courts are not at liberty, in construing indictments when challenged by motion to quash, to depart from the words of the indictment itself and speculate as to the possible intention of the writer. The rule that allows the rejection, as surplusage, of any redundancy of matter not necessary to the charge does not help the indictment now under consideration. The averment in regard to the residence, in view of the dates stated in the indictment, is essential. Rejecting that clause would render the indictment clearly bad. Bishop, in his work on Criminal Procedure, in section 349 states the rule to be, "that an indictment against two or more, laying the fact charged against them in the singular number, is insufficient." And this would seem necessarily to be the rule even if there were no authority upon the point. The word "resident" may be used as an adjective; thus, a "resident" voter or a "resident" freeholder; but it is also more frequently used as a noun, and as such its plural is formed by the addition of the letter "s." In the indictment before us the word is used as a noun and is in the singular number. We are not aware of any rule of law that will authorize us to say that when the writer of an indictment uses a word which means one person he means two or more. In *People* v. *Brander,* 244 Ill. 26, this court said: "The courts must abide by long established and well known rules of law, and it is not too much to require reasonable attention to such rules in drawing indictments." The above language is pertinent to the case at bar.

The judgment of the circuit court of Winnebago county is reversed and the cause remanded.

*Reversed and remanded.*

FARMER, CARTER and DUNN, JJ., dissenting.