(No. 15167.—Reversed and remanded.)
The People of the State of Illinois, Defendant in Error, *vs.* Janie Rhodes, Plaintiff in Error.

*Opinion filed April 18, 1923.*

1. Criminal law—*an indictment must show commission of the offense within period of limitation for prosecution.* Every indict-ment must allege the commission of the offense on a certain date, which must be within the time fixed by law for the prosecution of the offense, and an indictment which charges the commission of the offense on a date prior to the period of limitation is bad on its face and should be quashed.

2. Same—*when conviction of misdemeanor will be sustained— arrest of judgment.* Where an indictment charges larceny as a felony on a date within three years before the indictment but the evidence establishes a misdemeanor committed more than eighteen months before the indictment the defendant is entitled to an in-struction for a verdict of not guilty; but the indictment is sufficient to authorize proof of larceny of any amount within three years, and if no peremptory instruction is asked, a verdict of guilty of the misdemeanor will cure the defect, and a motion in arrest of judgment is not authorized.

3. Same—*date alleged in indictment must be taken as true on motion to quash on ground of limitation.* The date alleged in the indictment for the commission of the offense may be proved on the trial to be any time within the Statute of Limitations, but in determining the sufficiency of the indictment upon motion to quash because of the expiration of the period of limitation the date al-leged must be taken as the true date.

4. Appeals and errors—*exception cannot be taken to order of the Appellate Court.* The bill of exceptions has its origin only in statutory authority, and there is no statute authorizing an excep-tion to be taken to an order of the Appellate Court.

5. Same—*record cannot be added to or diminished by evidence dehors.* The Supreme Court must consider the record only as it comes to the court and it cannot be added to or diminished by evi-dence *dehors,* but if an error has been made by the clerk in certify-ing a record such clerical error may be corrected by the further certificate of the clerk, and in a proper case the trial court may correct the record to show the truth, where because of some omis-sion it does not do so.

6. Same—*Appellate Court cannot strike any part of record ex-cept for cause appearing in transcript itself.* The whole transcript

properly certified is the record, and the Appellate Court is without power to strike out any part of the record so certified unless it appears from the transcript itself and the certificate that the part stricken out is not properly a part of the record.

7. SAME—*when the Appellate Court cannot strike bill of exceptions.* The Appellate Court has no authority to order the bill of exceptions stricken from the record where the transcript contains the original bill of exceptions bearing the signature of the trial judge and shows that it was filed within a proper extension of sixty days allowed before the expiration of the original time for filing.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. C. M. THOMSON, Judge, presiding.

DARROW, SISSMAN, HOLLY & CARLIN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and FLOYD E. BRITTON, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the June term, 1920, of the criminal court of Cook county an indictment was returned charging Janie Rhodes with the larceny on August 16, 1918, of 530,000 feet of gas, of the value of eighty-five cents a thousand feet, the property of the People's Gas Light and Coke Company. A second count charged her with receiving and aiding in concealing the same gas knowing it to be stolen, for her own gain and to prevent the owner from again possessing its property. There was a trial on a plea of not guilty, and a verdict of guilty of receiving stolen property of the value of $14.99. Motions for a new trial and in arrest of judgment were overruled and the defendant was sentenced on the verdict. The Appellate Court affirmed the judgment,

and the defendant has sued out a writ of error to reverse both judgments.

On motion of the People the Appellate Court struck from the record the bill of exceptions and the cause was disposed of on the common law record, only. The conviction was for a misdemeanor. It is contended that the judgment should have been arrested because the indictment charged the offense to have been committed on August 16, 1918, more than eighteen months before the return of the indictment. The plaintiff in error therefore stands convicted of a misdemeanor which the indictment shows on its face was committed at such a time that the limitation established by law for its prosecution had expired before the return of the indictment. An indictment which charges the commission of an offense on a date prior to the period of limitation is bad on its face and should be quashed. (*Garrison* v. *People,* 87 Ill. 96; *Lamkin* v. *People,* 94 id. 501; *People* v. *Weinstein,* 255 id. 530; *People* v. *Hallberg,* 259 id. 502.) This indictment, however, was not subject to a motion to quash, for it charged a felony. It is argued that when the verdict was returned finding the plaintiff in error guilty of a misdemeanor, a motion in arrest of judgment for the insufficiency of the indictment to sustain a judgment of conviction for the misdemeanor should have been sustained. The indictment was, however, a good indictment for larceny, which was sufficient to sustain a conviction for larceny of any amount.

Every indictment must allege the commission of the offense on a certain date which must be within the time fixed by law for the prosecution of the offense, and this indictment did so. It is not necessary, however, to prove the precise date alleged. On the trial the date averred means any time within the Statute of Limitations, but in determining the sufficiency of the indictment upon motion to quash, the date alleged must be taken as the true one. (*Dreyer* v. *People,* 176 Ill. 590; *People* v. *Weinstein, supra.*) Under

this indictment it was proper to prove the offense charged at any time within three years before the return of the indictment, but if it was shown that the offense was committed more than eighteen months before the return of the indictment and that the value of the gas was $15 or less, plaintiff in error was entitled to have the jury instructed that they should return a verdict of not guilty if they found these facts from the evidence. At common law a defective indictment was not aided by a verdict, as defective pleadings in civil cases are. (4 Blackstone's Com. 375.) By statutes, however, in England, and in most other jurisdictions, formal defects which would formerly have been fatal may now be disregarded, and the doctrine of aider by verdict applies in the same manner in criminal as in civil cases. Section 9 of division 11 of our Criminal Code provides that no motion in arrest of judgment or writ of error shall be sustained for anything not affecting the real merits of the offense charged in the indictment. In *People* v. *Darr,* 262 Ill. 202, it was said that there was no motion to quash the indictment, and its sufficiency was therefore to be determined without regarding any defect which is cured by the verdict. It was held that a motion in arrest of judgment cannot be sustained for any matter not affecting the real merits of the offense charged, in *Young* v. *People,* 193 Ill. 236, and *Nichols* v. *People,* 40 id. 395. The People were entitled, under this indictment, to prove the defendant guilty of larceny, whether the amount was $15 or more or less, at any time within the Statute of Limitations, whether that was three years or eighteen months, and the defendant, under her plea of not guilty, was entitled to the benefit of the Statute of Limitations. It certainly did not affect the merits of the offense of larceny which was charged, whether the value found by the jury was one cent over or one cent under $15.

In the Appellate Court the plaintiff in error assigned error in overruling her motion for a new trial, but since

that court struck the bill of exceptions from the record it did not consider any error which could be shown only by the bill of exceptions.

The plaintiff in error assigns error here on the action of the Appellate Court in striking the bill of exceptions. The abstract of the record of the Appellate Court shows an order striking the bill of exceptions from the record but no reason for such order. Counsel for the plaintiff in error say in their brief that the reasons assigned on the motion to strike were that the bill was not signed by the trial judge within the time limited and was not filed within such time. Counsel for the People, without suggesting any reason for the order, content themselves with saying that the record contains none of the proceedings showing why the bill of exceptions was stricken; that this court cannot say that the Appellate Court was wrong unless the record shows what the court considered in striking the bill of exceptions, and that the reasons alleged by the plaintiff in error may not be the true reasons. No exception can be taken to an order of the Appellate Court. The bill of exceptions had its origin only in statutory authority, and no statute authorizes an exception in the Appellate Court. We can consider the record only as it comes to us. (*Gadwood* v. *Kerr,* 181 Ill. 162; *Pardridge* v. *Morgenthau,* 157 id. 395.) The record must prove itself. It cannot be added to or diminished by evidence *dehors.* If an error has been made by the clerk in certifying a record such clerical error may be corrected by the further certificate of the clerk. If through some omission the record itself does not show the truth, such omission may be corrected in a proper case by the trial court and the correction may be certified to the Appellate Court. Finally, however, the record upon which the Appellate Court must act is the transcript of the record of the trial court certified by its clerk. The whole transcript properly certified is the record, and the Appellate Court is with-

out power to strike out any part of the record so certified unless it appears from the transcript itself and the certificate that the part stricken out is not properly a part of the record. In this case the transcript of the record of the criminal court is certified as "a true and complete transcript · of the record except the bill of exceptions, the original of the bill of exceptions being incorporated in lieu of copy by stipulation." The record shows that motions for a new trial and in arrest of judgment were overruled on March 26, 1921; that the plaintiff in error was sentenced on the same day to one year's imprisonment in the house of correction and to pay a fine of $100; that she was allowed thirty days in which to file a bill of exceptions; that on April 16 thirty days' additional time was allowed for filing her bill of exceptions, the sixty days thus allowed extending to May 25, 1921. The transcript contains the original bill of exceptions, bearing the signature of the trial judge, the date May 18, 1921, and what purports to be the file-mark of the clerk of the criminal court, dated May 19, 1921, lacking, however, his signature, and the certificate of the clerk which has already been mentioned is dated May 24, 1921. This is all. The bill of exceptions was not only signed and filed but was certified by the clerk of the criminal court to the Appellate Court, all within the time allowed by the court for filing it. The order striking it from the record was erroneous.

The judgment of the Appellate Court will be reversed and the cause remanded to that court, with directions to consider and determine the errors assigned, based upon the bill of exceptions. *Spiehs* v. *Insull, 278* Ill. 184.

*Reversed and remanded, with directions.*