(No. 19511.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN STAJDUHAR, Plaintiff in Error.

*Opinion filed June 19, 1929.*

BARRATT O'HARA, and PAUL KURZ, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and MERRILL F. WEHMHOFF, (HENRY T. CHACE, JR., EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the June term, 1928, of the criminal court of Cook county the grand jury returned an indictment on June 27 charging John Stajduhar with the crime of obtaining from Steve Cuculich his money, personal goods and property of the value of $1167.30 by means of the confidence game on May 8, 1925, and further averring that Stajduhar, since the eighth day of May, 1925, was not usually and publicly resident within the State of Illinois. The defendant was ar-

rested on June 9, 1928. Upon his arraignment at the December term, 1928, of the criminal court he pleaded not guilty, and was tried, convicted and sentenced to imprisonment in the penitentiary until discharged according to law. He is prosecuting this writ of error and has made numerous assignments of error, among them, that the prosecution was barred by the Statute of Limitations. It will be necessary to consider only the latter assignment.

Section 3 of division 4 of the Criminal Code provides that all indictments for felonies, other than murder, manslaughter, arson or forgery, must be found within three years next after the commission of the crime, except as otherwise provided by law. Section 5 provides that "no period during which the party charged was not usually and publicly resident within this State shall be included in the time of limitation." The indictment against the plaintiff in error was found more than three years after the alleged date of the commission of the crime, but alleged that he was not usually and publicly resident within the State after the date of the commission of the crime. This was a material allegation, which the prosecution was bound to prove. Without it the indictment would have been quashed upon the motion of the defendant. *Garrison* v. *People,* 87 Ill. 96; *People* v. *Ross,* 325 id. 417.

The People produced evidence tending to prove the commission of the crime but none that the defendant was not usually and publicly resident within this State since the commission of the crime. The defendant himself testified that he had lived in Chicago over three years. He lived in Chicago in May, 1925, and in April and June, and in 1926, 1927 and 1928, continuously; that he may have gone out of the State for a few days; that he was in St. Louis in June or July, 1927, five or six days, and again, later, when he was away from Chicago one day, and those are the only two occasions on which he was absent from Illinois after May 8, 1925. He was a Croatian. His right name was

John Stajduhar, but he used the name of John Steiner "to cut it short." He was corroborated by the testimony of a half dozen apparently credible witnesses who had known him during all the time from 1925 and testified that he was living in Chicago in the same place. The State in rebuttal called Nicholas Gales, the policeman who arrested the defendant on June 9, 1928, who testified that he was a Croatian but did not know of what nationality the defendant was; that witness spoke the defendant's language and ran across him not less than once a month, starting in about the month of May, 1925. He saw him ten or twelve or fifteen times a year, or on the average of once a month. . He did not know where he was the rest of the time and never knew where he lived until he bought his place. Gales had testified before in chief that he made the arrest on June 9, 1928,—went over to his home and located him there in his garage. He made no attempt before that to arrest him because he "hadn't anything on him." He knew he was in Chicago all the time. He could have found him at any time and have arrested him if he had anything on him.

The defendant in error contends that the statute requires that the defendant, in order to avail himself of the limitation, must have usually and publicly resided in the State during the time of limitation; that the meaning of "publicly" is "without concealment," and the fact that the defendant had adopted and was known by a name different from that which he originally bore was concealment, which deprived him of the benefit of the statute. The only proof as to the change of the defendant's name is that he adopted the name of Steiner for brevity and convenience before the crime was committed and was living under that name. There is no evidence that he ever used any other name than Stajduhar, except Steiner.

We do not approve or disapprove the argument on behalf of the People that the mere adoption of a different name by the plaintiff in error while he was openly living

in the State would deprive him of the benefit of the statute. There was no concealment by the plaintiff in error, but he was usually and publicly a resident of the State after the date of the alleged offense, and the verdict is not sustained by the evidence.

The judgment is reversed.  *Judgment reversed.*