(No. 20365.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SOLLEY PETRILLI, Plaintiff in Error.

*Opinion filed April 23, 1931—Rehearing denied June 3, 1931.*

ROBERT W. BESSE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, VINCENT A. BELL, State's Attorney, and JOEL C. FITCH, (JACOB J. LUDENS, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Solley Petrilli was indicted in the circuit court of Whiteside county for violations of the Prohibition law. The indictment consisted of three counts and charged respectively the unlawful sale, possession and furnishing of intoxicating liquors. Second offenses were alleged in the first and second counts. A *nolle prosequi* was entered upon the third count. A jury found the defendant guilty upon the first count, but not of a second offense. After motions for a new trial and in arrest of judgment had been overruled, Petrilli was sentenced to the county jail for six months and fined $500 and costs. He prosecuted a writ of error from

the Appellate Court for the Second District and that court affirmed the judgment. By this writ of error he seeks a second review of the record.

It appears from the evidence introduced on behalf of the prosecution that in January and February, 1929, the plaintiff in error sold intoxicating liquor to John McLain, Shorty Snoville, Feltham Townley and Percy Wolf; that the liquor was contained in five bottles all of which were afterwards sealed and kept successively in the custody of an investigator for the State's attorney, a deputy sheriff and the sheriff of Whiteside county; that a chemist made an analysis of the contents of the bottles and found that one contained sixty-three per cent, another fifty-four per cent and the remaining three, forty-two per cent of alcohol. Proof of the prior conviction of the plaintiff in error by the county court of Whiteside county for the unlawful sale of intoxicating liquor and the consequent imposition upon him of a fine of $100 and costs and a sentence to the county jail for sixty days was made.

The plaintiff in error testified that he was twenty-nine years of age; that he resided in the city of Sterling in Whiteside county; that he was acquainted with McLain and Townley but not with Snoville or Wolf; that on one occasion McLain called at his house to buy liquor but that he informed him that he did not deal in it and that he, the plaintiff in error, never sold any liquor to McLain, Snoville, Townley or Wolf. Four witnesses testified that Townley had asserted either to them or in their presence that he never bought any liquor from the plaintiff in error.

The first contention made by the plaintiff in error for a reversal of the judgment is that the circuit court erred in denying his motion to quash the indictment. It is argued in support of this contention that, in pleading the former conviction, the indictment or information which supported that conviction was not set out in the first and second counts of the indictment in the present case. A former indictment

or information need not be set out *in hæc verba* in an indictment charging a second offense. No complaint is made that the first and second counts failed to charge a first offense. Each of these counts afforded a sufficient basis for the prosecution and the motion to quash the indictment was therefore properly denied. *People* v. *Talbot*, 322 Ill. 416.

The next contention is that the circuit court erred in denying the motion of the plaintiff in error for a bill of particulars. The motion, it is argued, should have been granted in order that the defendant might have been informed of the particular offense the prosecution expected to prove. The offense charged was alleged to have been committed on February 13, 1929. Time was not of the gist or essence of that offense, and it was only necessary to allege that the offense had been committed at a time prior to the finding of the indictment and within the period of limitations. (*People* v. *Rhodes*, 308 Ill. 146; *People* v. *Raymond*, 296 id. 599; *People* v. *Gray*, 251 id. 431). A bill of particulars in a criminal case is not necessary where the indictment informs the defendant of the crime with which he is charged sufficiently to enable him to prepare his defense. (*People* v. *Birger*, 329 Ill. 352; *People* v. *Smith*, 239 id. 91; *Gallagher* v. *People*, 211 id. 158). Whether the prosecution shall be required to furnish a bill of particulars in a given case rests in the discretion of the trial court, and only where it is clear that there has been an abuse of that discretion will the denial of a motion for such a bill be held to be erroneous and prejudicial. (*People* v. *Cox*, 340 Ill. 111; *People* v. *Graves*, 331 id. 268; *People* v. *Birger, supra; People* v. *Munday*, 280 Ill. 32; *People* v. *Poindexter*, 243 id. 68; *People* v. *Smith, supra; DuBois* v. *People*, 200 Ill. 157). The motion of the plaintiff in error for a bill of particulars was in fact a request for a disclosure of the evidence and there was no abuse of discretion in denying the motion. (*People* v. *Birger, supra; People* v. *Munday, supra*). It may be observed also that

the motion for a new trial was made in writing and the refusal of the court to require a bill of particulars was not assigned as a reason why a new trial should be granted. When a motion for a new trial and the grounds upon which it is based are set forth in writing, the party making the motion is limited to the errors assigned in the written motion because all other errors are deemed to have been waived. *People* v. *Hatcher,* 334 Ill. 520; *People* v. *Vickers,* 326 id. 290; *Lerette* v. *Director General of Railroads,* 306 id. 348.

Complaint is made of four instructions which the trial court gave to the jury and which the plaintiff in error asserts in his brief were given at the request of the prosecution. Both the bill of exceptions and the abstract of the record fail to show that the instructions incorporated in the bill of exceptions comprise all the instructions that were given to the jury. The abstract, moreover, does not disclose at whose request any of the instructions were given. In this situation the trial court's rulings upon instructions will not be reviewed. *People* v. *Vickers, supra; People* v. *Allegretti,* 291 Ill. 364; *People* v. *Adams,* 289 id. 339.

It is contended that the circuit court erred in denying the motion of the plaintiff in error for a new trial based on newly discovered evidence. Two affidavits were read in support of the motion, one by Percy Wolf and the other by the plaintiff in error. The former, it appears, was twenty-two years of age and had lived in Whiteside county all his life. He stated in his affidavit that John McLain, one of the witnesses for the prosecution, told him about two weeks before the trial that he, McLain, had never bought any intoxicating liquor from the plaintiff in error. Wolf also denied that he had ever made any such purchases. The plaintiff in error in his affidavit stated that shortly after the trial he inquired of Wolf, whose name appeared on the indictment as one of the witnesses before the grand jury, why he had not testified upon the trial; that Wolf answered that he had never bought liquor from the plaintiff in error

and for that reason could not testify against him, and that Wolf then informed him of his conversation with McLain. These affidavits disclose no reason why the plaintiff in error could not have called Wolf to testify at the trial and the evidence they set forth was merely impeaching in character. Applications for a new trial on the ground of newly discovered evidence are subjected to close scrutiny. The burden is on the applicant to show that the verdict is not correct and the evidence must meet the following requirements: First, it must appear to be of such conclusive character that it will probably change the result if a new trial is granted; second, it must have been discovered since the trial; third, it must be such as could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; and fifth, it must not be merely cumulative of the evidence offered on the trial. (*People* v. *Mindeman,* 318 Ill. 157; *People* v. *Dabney,* 315 id. 320; *People* v. *Pennell,* 315 id. 124; *People* v. *LeMorte,* 289 id. 11; *People* v. *Johnson,* 286 id. 108; *People* v. *Williams,* 242 id. 197; *Henry* v. *People,* 198 id. 162). The plaintiff in error failed to meet the first, third and fifth of the foregoing requirements, and the motion for a new trial was properly overruled.

The contention that the verdict of the jury is not supported by the evidence cannot be sustained. Two witnesses testified positively that they bought intoxicating liquor from the plaintiff in error, while he, on the contrary, denied that he had made the sales. It was the jury's province to determine the credibility of the witnesses and the weight to be given to their testimony. The facts and circumstances in evidence amply justify tbe verdict.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*