(No. 20736.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES YARIO *et al.*—(LOUIS LAPENNA, Plaintiff in Error.)

*Opinion filed October 23, 1931—Rehearing denied Dec. 3, 1931.*

ELWYN E. LONG, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Louis Lapenna and Charles Yario were indicted in the criminal court of Cook county for robbery while armed with a dangerous weapon. A jury found Lapenna guilty as charged and acquitted Yario. Judgment was rendered on the verdict against Lapenna and he prosecutes this writ of error for a review of the record.

On June 4, 1929, the Tuthill Spring Company was engaged in the manufacture of automobile springs and operated a garage at 761 West Polk street in the city of Chicago. About eight o'clock in the evening of that day, Lapenna, the plaintiff in error, entered the garage and inquired of Richard Ewing, an employee, whether a truck belonging to a certain person had been delivered there. Ewing answered that it had not. Lapenna then looked over various trucks for a few minutes and left. He returned about an hour and a half later accompanied by Yario and a third person, and each of the three men was armed with a revolver. Yario and the third man seized Ewing and forced him to go to the rear of the garage. One of the men asked Ewing for the key to a truck. He answered that he had no keys because the drivers of the trucks took the keys with them. Yario and the third man guarded Ewing while Lapenna looked about the garage. He found a Chevrolet truck which could be started without a key. The truck was driven from the garage and turned west on Polk street. Yario, from the front of the garage, with his revolver in his hand, observed the truck's departure and then walked east. Immedi-

ately thereafter Ewing reported the loss of the truck to the manager of the garage and he in turn notified the police department. About four o'clock of the following morning Lapenna, Benno Grecco, Phil Colush and Visser Collissio were arrested at Lexington street and Laramie avenue, a point several miles from the garage, while they were attempting, as they told the police officers, to start a disabled Essex automobile belonging to Collissio. The men were taken to a police station, and later in the day the stolen truck which had been recovered was also brought there. Ewing, on the same day identified Lapenna as one of the men who took the truck from the garage. The accusation was made in Lapenna's presence, but he made no answer to it. Yario was arrested on the evening of June 20. The foregoing is the substance of the evidence adduced by the prosecution.

The plaintiff in error was the only witness in his behalf. He testified that he was twenty-four years of age and unmarried; that on June 4, 1929, he quit work at five o'clock, and after supper went to a club on DeKoven street where he remained until nine o'clock when he bought a newspaper and returned home; that he never called at the garage where Ewing was employed, nor did he ever take a truck therefrom; that, at the time of his arrest, he and his three associates were pushing Collissio's Essex automobile which had broken down; that he first saw Ewing at the police station when the latter identified Grecco only and that Ewing never charged the plaintiff in error with participation in the robbery of the truck until he appeared as a witness at the preliminary hearing.

The errors of which the plaintiff in error complains and upon which he relies for a reversal of the judgment are that hearsay evidence prejudicial to him was admitted over his objection; that an erroneous instruction was given at the prosecution's request, and that his motion for a new trial was improperly denied.

The prosecution called Cornelius Coakley, a police officer, as a witness. In answer to questions propounded upon his direct examination, he testified that he had a conversation with the plaintiff in error in the squad room of the police station; that this conversation occurred in the presence of Ewing and other persons and Ewing pointed out the plaintiff in error and Grecco as two of the men who took the truck from the garage; that he also saw Ewing and the plaintiff in error near the stolen truck while it was at the police station, and that Ewing there said that the plaintiff in error was one of the men who committed the robbery. The objection that the officer's testimony was hearsay did not prevail. The plaintiff in error was in Ewing's presence both in the squad room and at the truck. The officer heard what Ewing said and the plaintiff in error must have been cognizant of the accusation made against him. Yet he did not, on either occasion, deny the charge. Under these circumstances, the testimony was competent. *People* v. *Herbert,* 340 Ill. 320.

The ninth instruction given at the request of the People, concerned the defense of an alibi, and it is argued that the instruction should not have been given, because, it is asserted, the plaintiff in error did not interpose that defense. No complaint is made of the text of the instruction. The plaintiff in error testified that on the evening of June 4, 1929, he went to a club after supper, remained there until nine o'clock and then returned to his home, and that he neither called at the garage in question nor participated in the robbery charged. In addition to a direct denial of guilt, he sought to account for his presence elsewhere than at the scene of the crime. While testimony concerning his whereabouts on the particular evening was not corroborated by other witnesses, he interposed the defense of an alibi, and the court did not err in giving the ninth instruction. Moreover, the tenth instruction, given at the request of the defendants, was upon the same subject as the People's ninth

instruction. Even if the latter had no basis in the evidence, the plaintiff in error would not be permitted successfully to complain of it on that ground because another instruction also relating to the defense of an alibi was given to the jury at his request. *People* v. *Darr*, 262 Ill. 202.

In support of the final contention that the motion for a new trial should have been granted, it is argued that the identification of the plaintiff in error and Yario as persons guilty of the offense charged rests solely upon the testimony of Ewing; that the jury misapprehended the testimony respecting the automobile found in the possession of the plaintiff in error and his three companions when they were arrested and that the evidence required a verdict acquitting the plaintiff in error as well as his co-defendant Yario. These arguments will be considered in the order of their statement.

Ewing testified that the plaintiff in error called at the garage twice on June 4, 1929, first alone and later accompanied by Yario and a third person. The witness had two opportunities to observe the features of the plaintiff in error and when Ewing accused him of the robbery at the police station the next day he did not deny the accusation. Hence the identification of the plaintiff in error as one of the persons guilty of the crime charged is supported not only by the testimony of Ewing but also by the conduct of the plaintiff in error himself.

A Chevrolet truck was taken from the garage, while an Essex automobile was found in the possession of the plaintiff in error, Grecco, Colush and Collissio when they were arrested early in the morning of June 5. The truck was readily distinguishable from the Essex automobile and, for that reason, the brief period which elapsed between the robbery and the arrest of the plaintiff in error and his companions would hardly cause, as the plaintiff in error argues, the misapprehension on the part of the jury that the automobile found in their possession was the truck taken from the garage.

238

The evidence introduced against Yario and the plaintiff in error differed in material respects. It was the jury's province to determine the credibility of the witnesses and the weight to be given to their testimony. (*People* v. *Petrilli,* 344 Ill. 416; *People* v. *Chaney,* 342 id. 175; *People* v. *Herbert, supra; People* v. *Thompson,* 321 Ill. 594.) The facts and circumstances in evidence justified the jury in finding the plaintiff in error guilty of the crime charged against him. The acquittal of Yario did not require a like verdict in the case of the plaintiff in error.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*