The People of the State of Illinois, Plaintiff-Appellant, *v.* Ricardo Munoz, Defendant-Appellee.

(No. 73-102;

Second District—November 7, 1974.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, of counsel), for the People.

Michael P. Toomin, of Chicago, for appellee.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and James R. Kavanaugh, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of this court:

Pursuant to Supreme Court Rule 604(a) (Ill. Rev. Stat. 1971, ch. 110A, par. 604(a)), the State appeals from the dismissal of 13 indictments based upon the bar of the statute of limitations. The issue presented herein is whether or not an indictment which shows that the acts alleged to have been committed occurred beyond the general statute of limitations must allege facts which avoid the bar of the statute.

On January 2, 1973, the Kane County grand jury returned 23 indictments charging Ricardo Munoz with various counts of reckless conduct and involuntary manslaughter. On June 15, 1973, the defendant was found guilty of involuntary manslaughter and reckless conduct as charged in one of the indictments and was sentenced to a term of 1-3 years. The defendant has filed a separate appeal from that conviction.

The 13 indictments involved in this appeal all charged the defendant with the misdemeanor offense of reckless conduct. All 13 charges involved acts which were purportedly committed by the defendant more than 18 months prior to the return of the indictments. The applicable general limitations statute (Ill. Rev. Stat. 1971, ch. 38, par. 3—5) provides that a prosecution for a misdemeanor must be commenced within 1 year and 6 months after its commission, unless the statute describing the offense provides otherwise or the period of limitations is extended by section 3—6 (Ill. Rev. Stat. 1971, ch. 38, par. 3—6). The statute which describes the offense of reckless conduct (Ill. Rev. Stat. 1971, ch. 38, par. 12—5) contains no period of limitations. Section 3—6 provides in relevant part as follows:

> "The period within which a prosecution must be commenced under the provisions of Section 3—5 or other applicable statute is extended under the following conditions:
>
> * * *
>
> (b) A prosecution for any offense based upon misconduct in office by a public officer or employee may be commenced within one year after discovery of the offense by a person having a legal duty to report such offense, or in the absence of such discovery, within one year after the proper prosecuting officer becomes aware of the offense. However, in no such case is the period of limitation so extended more than 3 years beyond the expiration of the period otherwise applicable."

The format utilized by the State in each indictment was identical. For purposes of illustration, Indictment #73-CF-157 charged that:

> "* * * on or about December 4, 1969 and December 10, 1969, Ricardo Munoz committed the offense of Reckless Conduct, in violation of Chapter 38, Section 12—5, of the Illinois Revised Statutes, as amended, in that he recklessly prescribed and caused to be administered to Hazel Ellis, certain drugs namely, Albumin, Solucortef and Gammablobulim, thereby endangering the bodily safety of the said Hazel Ellis."

It is undisputed that at the time of the acts in question the defendant was a public employee employed by the Elgin State Hospital, Department of Mental Health, State of Illinois.

On January 25, 1973, the defendant filed motions to dismiss the indictment in each case based upon the bar of the statute of limitations (Ill. Rev. Stat. 1971, ch. 38, par. 3—5). None of the subject indictments was amended by the State, nor were any additional pleadings filed with respect to the issue of limitations raised in defendant's Motions to Dismiss. Following arguments by counsel, the trial court dismissed all 13 indictments involved in this appeal.

On appeal, the State contends that the trial court erred when it failed to extend the statute of limitations and to rule that the 13 charges against defendant for reckless conduct were offenses based upon misconduct in office by a public employee within the meaning of section 3—6(b). In our view, we need not consider the State's contentions because the instant indictments showed that the offenses charged were allegedly committed on dates not within the general limitations period and there was no averment of facts avoiding the bar of the statute of limitations.

■■ It is a fundamental rule of criminal pleading that an indictment which on its face shows that the offense charged is barred by the statute of limitations is wholly insufficient at law. (*People v. Rhodes* (1923), 308 Ill. 146, 139 N.E. 53; *People v. Hallberg* (1913), 259 Ill. 502, 102 N.E. 1005.) The indictment, therefore, must reflect that the offense was committed on a date within the period of limitations. *People v. Ross* (1927), 325 Ill. 417, 156 N.E. 303.

■■ When a statute extends the statute of limitations in certain cases, and the offense is alleged to have been committed on a date not within the general limitation period, the indictment must aver facts avoiding the bar of the limitation statute. (*People v. Carman* (1943), 385 Ill. 23, 52 N.E.2d 197.) This principle appears to have been first stated in Illinois in *Garrison v. People* (1877), 87 Ill. 96. There, as in the instant case, the indictment on its face clearly showed that it was not returned within the limitation period prescribed by law. The State's failure to allege that the accused had been a person fleeing from justice during the period in question—a fact which would have tolled the then applicable statute of limitations—rendered the indictment insufficient at law. The rationale underlying this rule is apparent from the holding of *People v. Stajduhar* (1929), 335 Ill. 412, 167 N.E. 29. Simply stated, when the State seeks to avoid the bar of limitations, the exception or proviso relied upon becomes a material allegation which the prosecution is bound to allege and prove.

■■ The State's failure to properly plead the exception relied upon could well prejudice the defendant in this case. Examination of section 3—6(b), *supra*, reveals that in order to invoke the statute, the People must allege that the prosecution was commenced within one year after

the discovery of the offense by a person having a legal duty to report it, or in the absence of such discovery, within 1 year after the proper prosecuting officer becomes aware of it. The condition upon which invocation of the statute is based—prosecution within one year after such person discovered the offense—must be alleged in the indictment. (*People v. McGreal* (1972), 4 Ill.App.3d 312, 278 N.E.2d 504.) Absent any averment as to the requisite element of discovery, it is impossible for the defendant to ascertain whether the statute has been validly invoked. To withstand constitutional attack, an indictment must apprise the defendant of the crime charged with sufficient certainty and definiteness so that he may "* * * intelligently prepare his defense and plead the judgment in bar of a subsequent prosecution for the same offense." (*People v. Johnson* (1966), 34 Ill.2d 202, 204, 215 N.E.2d 204, 205.) Since the instant indictments failed to indicate the facts upon which the State sought to invoke the extension of the general statute of limitations, the prejudice to the defendant in the intelligent preparation of his defense is apparent. Accordingly, we hold that where an indictment clearly shows that the acts allegedly committed occurred on a date not within the general limitations period and there is no averment of facts avoiding the bar of the statute of limitations, the indictment is defective and properly subject to a motion to dismiss.

The judgment below dismissing the subject indictments is, for the foregoing reasons, affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J. concur.