THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GUY STRAIT, Defendant-Appellant.

Second District    No. 77-29

Opinion filed September 16, 1977.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

On May 13, 1976, Guy Strait (hereinafter "defendant") was charged

with the March 3, 1972 offense of indecent liberties with a child. Steven Kavadas (hereinafter "Kavadas") was 14 years old at the time of the incident in question. After a bench trial in Winnebago County, the defendant was found guilty of this offense and was sentenced to 10 to 20 years imprisonment.

The defendant raises three arguments on appeal: (1) Whether the information charging him with the offense of indecent liberties with a child is void because the prosecution was not commenced within three years of the time of the offense, and the State failed to allege sufficient facts in the information which would extend the limitation period beyond the three years; (2) Whether defendant was proved guilty beyond a reasonable doubt; and (3) Whether defendant's sentence was excessive.

On January 29, 1976, Officer Klaus Price took a statement from Kavadas in which Kavadas alleged that he and the defendant had engaged in sexual activity on March 3, 1972. On the basis of his statement, a warrant was obtained for the defendant's arrest on February 6, 1976, and he was arrested by the F.B.I. a day or two before April 24, 1976, in Phoenix, Arizona. He was taken into custody by Officer Price on that day and brought back to Illinois a couple of days later. A preliminary hearing was held on May 13, 1976, and at the hearing, Officer Edward Miller testified that the defendant had advised them that he had been in Illinois on only two occasions during the last 25 years. Probable cause was found, and the information was issued on that date and reads as follows:

> "That on the 3rd day of March, 1972, in the County of Winnebago and the State of Illinois, Guy Strait, a person of the age of seventeen (17) and upwards, committed the offense of indecent liberties with a child, in that he performed an act of deviate sexual conduct with Steve Kavadas, a child under the age of sixteen (16) years, in violation of Paragraph 11—4, Chapter 38, Illinois Revised Statutes."

The facts surrounding the above offense are that the defendant came to the Holiday Inn in Rockford, Illinois, in March of 1972, to shoot a pornographic movie. Kavadas was one of three participants, and during the movie sessions he engaged in various homosexual activities with two other young males over a two-day period. Kavadas, who was 14 years old at the time, received $150 for his role in the movie. Kavadas testified that this was the last film he ever made.

On the night of March 3, 1972, Kavadas returned to the Holiday Inn at defendant's invitation for a dinner engagement. However, the two went straight to the defendant's bedroom where the defendant asked Kavadas if he would mind "going to bed with him." Kavadas testified that he did not question the defendant as to what he meant by "going to bed." Kavadas testified that the defendant then performed anal intercourse on

him. Afterwards, the defendant apologized for not taking Kavadas to dinner and gave Kavadas $5 or $10 and told him to go home and get something to eat. Kavadas testified that he turned the defendant down on his request for Kavadas to "go down on him." It is the defendant's activities on the evening of March 3, 1972, for which the information was returned.

On October 12, 1976, the defendant filed a motion to dismiss the information based upon the bar of the statute of limitations (Ill. Rev. Stat. 1975, ch. 38, par. 3—5). The State did not amend its information, nor did the State file any additional pleadings with respect to the issue of limitations raised in defendant's motion to dismiss. Thereafter, the trial court denied defendant's motion to dismiss the information. Defendant renewed his motion to dismiss the information in his post-trial motion for a new trial. This motion was again denied by the trial court.

Defendant's first argument is that the information should be dismissed because the prosecution was not commenced within three years of the time the offense allegedly occurred and the State failed to allege facts in the information which would extend the limitation period beyond the three years.

■■ Defendant's crime of indecent liberties with a child allegedly occurred on March 3, 1972, but the complaining witness did not notify the police until January 29, 1976. The information was issued after a hearing on May 13, 1976. The applicable general limitations statute (Ill. Rev. Stat. 1975, ch. 38, par. 3—5(b)) provides that prosecution for a felony must be commenced within three years after its commission, unless the statute which describes the offense provides otherwise or the period of limitations is extended by section 3—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—6). Section 11—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—4), which describes the offense of indecent liberties with a child, does not contain a separate period of limitations which would extend the limitation period beyond the statutory three-year period for this felony. In addition, this crime was easily discoverable if Kavadas had reported it immediately to the authorities. However, Kavadas did not do so, and because of that, section 3—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—6), which extends the period of limitations for offenses which are difficult to discover, will not operate to extend the period of limitations in this instance.

On appeal, the State contends the trial court properly · denied defendant's motion to dismiss the information in light of the recent changes in Illinois law, which, they contend, changed the requirement that the State allege an exception to the statute of limitations in the charging document. The State argues that the recent decisions of the

Illinois Supreme Court in *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, and *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, indicate a shift by the supreme court away from a formalistic ritual interpretation of charging documents towards an approach more compatible with the realities of today's criminal practice. We disagree.

*People v. Pujoue* is inapplicable to the present factual situation because in *Pujoue* the sufficiency of the complaint was attacked for the *first time* on appeal. The supreme court found that where an information or indictment is "attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense * * *." (61 Ill. 2d 335, 339.) Likewise, in *People v. Gilmore*, the sufficiency of the informations and indictments were attacked for the first time on appeal. The supreme court held that an information or indictment is sufficient when attacked for the first time on appeal where the charging document properly apprised the defendant "of the precise offense charged with sufficient specificity [to enable him] to prepare a defense, or, * * * to know without question the precise charge" of which he is accused. 63 Ill. 2d 23, 30.

■■ Neither *Pujoue* nor *Gilmore* are dispositive of the case at bar. The charging documents in *Pujoue* and *Gilmore* were challenged for the first time on appeal. In our case a timely pretrial motion pursuant to section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1) and a timely motion for a new trial pursuant to section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 116—1) were filed by the defendant. The trial court's denial of these motions constitutes reversible error. Thus, although the supreme court in *Pujoue* and *Gilmore* has somewhat relaxed the requirements for the sufficiency of informations and indictments when attacked for the first time on appeal, the supreme court has not diminished the prosecution's required responsibility that its charging documents state an offense or be subject to dismissal on a proper pretrial motion pursuant to section 114—1 of the Code of Criminal Procedure of 1963. Ill. Rev. Stat. 1975, ch. 38, par. 114—1.

■■■ It has been the law in Illinois for over 100 years that when an indictment or information discloses on its face that the offense charged is barred by the statute of limitations, such information is totally insufficient at law. (*People v. Rhodes* (1923), 308 Ill. 146, 139 N.E. 53; *People v. Hallberg* (1913), 259 Ill. 502, 102 N.E. 1005; *Garrison v. The People* (1877), 87 Ill. 96.) In addition, this court specifically found in *People v. Munoz* (1974), 23 Ill. App. 3d 306, 308, 319 N.E.2d 98, 100, speaking through Mr. Justice Moran, that:

> "When a statute extends the statute of limitations in certain cases, and the offense is alleged to have been committed on a date not

within the general limitation period, the indictment must aver facts avoiding the bar of the limitation statute. [Citation.]"

This principle that the extended statute of limitations must be pleaded and proved in the State's indictment information has also been found to be the proper procedure in the following recent cases: *People v. Speller* (1977), 46 Ill. App. 3d 208, 360 N.E.2d 1155; *People v. Wenstrom* (1976), 43 Ill. App. 3d 250, 356 N.E.2d 1165; *People v. Hawkins* (1975), 34 Ill. App. 3d 566, 240 N.E.2d 223; *People v. McGreal* (1971), 4 Ill. App. 3d 312, 278 N.E.2d 504. Also see 21A Ill. L. & Prac. *Indictments & Informations* §50 (1977).

■■■ In the instant case, Officer Miller's testimony at the preliminary hearing demonstrated to both the prosecuting authorities and the hearing judge that the defendant had only been in Illinois on two occasions in the last 25 years. This testimony shows that the State had information at its disposal that should have indicated that the defendant was not present in Illinois during the applicable time when the three-year limitation period was running. The State clearly could have pleaded the exception to the statute of limitations as provided in section 3—7(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—7(a)) which states:

"The period within which a prosecution must be commenced does not include any period in which:

(a) The defendant is not usually and publicly resident within this State."

If the State had averred these facts in its information, it would have shown that the three-year statute of limitation period for this felony was not applicable here because the defendant was not present in the State and the statute of limitations was tolled for those time periods during which he was not present in Illinois. The prosecution was not relieved of the elementary function of the State's Attorney to amend its information just because the trial court erred in denying defendant's motion to dismiss. This error could have been corrected very easily by an amendment to the information after the filing of defendant's motion. We are perplexed by the failure of the People to make such a necessary and elementary amendment in light of the sordid activities of the defendant in the present case.

The State further contends that the adoption of its view by this court would be in keeping with both the State of New York and the Federal system, which follow the rule that limitation-tolling facts need not be alleged in a charging document. (*People v. Kohut* (1972), 30 N.Y.2d 183, 282 N.E.2d 312; *United States v. Cook* (1872), 84 U.S. 168, 21 L. Ed. 538; *Capone v. Aderhold* (5th Cir. 1933), 65 F.2d 130.) We decline to follow the State's tardily adopted argument for determining the sufficiency of an information and indictment, and we are compelled to reverse.

In light of our disposition, we need not reach defendant's argument as to whether the defendant was proved guilty beyond a reasonable doubt or whether defendant's sentence was excessive. Parenthetically, this court finds it necessary to comment on the affirmative defense asserted by the defendant that the 14-year-old complainant was a prostitute because of his past homosexual activities. Defendant's defense is made pursuant to section 11—4(b)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—4(b)(2)), which provides that "[i]t shall be an affirmative defense to indecent liberties with a child that * * * the child is a prostitute." Because the charging information is so deficient as to require reversal, we need not reach defendant's declarations against the morality of the complainant and whether or not this 14-year-old boy is a prostitute. These assertions made by an admitted producer of child pornography present grave doubt in this court's mind as to the capacity of the defendant to judge the morality of anything above the level of a crawling object.

The contempt and revulsion elicited by a detailed reading of this record cannot operate to deprive the defendant of his right to be tried according to established legal standards. He was not so tried, and we accordingly reverse the judgment of the circuit court of Winnebago County.

Judgment reversed.

GUILD and WOODWARD, JJ., concur.