(No. 36199.—)

Arthur E. Diercks *et al.,* Appellants, *vs.* The Village of Algonquin, Appellee.

*Opinion filed April 26, 1961.*

CARROLL & LEALI, of Woodstock, for appellants.

COWLIN AND COWLIN, of Crystal Lake, (HENRY L. COWLIN, of Crystal Lake, and ELMER C. TOBIN, of Elgin, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiffs, Arthur E. Diercks and his wife, Lena, brought this action in ejectment, claiming fee-simple title to property that they had previously conveyed to the defendant, the village of Algonquin, for use as a public park. The complaint alleged that the defendant had breached the condition contained in the deed in that it did not maintain the property as a public park, but on the contrary, stored cinders and other materials and parked fire fighting equipment on it, and erected and maintained signs prohibiting its use by the public. The defendant denied these allegations, and asserted its ownership in fee. The case was tried without a jury, and the court found that the plaintiffs had failed to sustain their burden of proof and dismissed their complaint. They appeal directly to this court, contending that the trial court's finding was contrary to the manifest weight of the evidence. A freehold is involved. *Wiedrich* v. *Howard*, 7 Ill.2d 589.

The deed from the plaintiffs to the defendant was executed in 1940. It provided: "This deed is made subject to the condition that the premises described herein, shall be used by the Village of Algonquin for the purpose of a Village Park for the residents of the Village of Algonquin; said Village of Algonquin, to maintain said premises and keep same for a public park. In the event said premises are used for any other purposes than a Park, then said premises are to revert to the grantors, their heirs or assigns." Relying upon *Pure Oil Co.* v. *Miller-McFarland Drilling Co.* 376 Ill. 486, the plaintiffs have taken the position that

the estate granted was a fee on conditional limitation which would automatically expire upon the occurrence of the stated event. The defendant has tacitly acquiesced in this interpretation of the deed, (but see *Storke* v. *Penn Mutual Life Ins. Co.* 390 Ill. 619; *Village of Peoria Heights* v. *Keithley,* 299 Ill. 427; Restatement of Property, § 45 m; Tiffany, Real Property, sec. 82(a),) and we find it unnecessary to consider its correctness.

The property consists of two narrow strips of land lying between the Fox River on the east and Harrison Street on the west. The northern strip is 275 feet long and the southern is 550 feet long. The average depth of the property from Harrison Street to the river is 20 feet. The two strips are separated at the foot of Edwards Street by a lot 50 feet wide, owned by the village. North of Edwards Street the strip was mostly swamp land in 1940, and south of Edwards Street it was overgrown with weeds, brush and burdocks.

Arthur E. Diercks testified that the defendant did nothing to improve the condition of the property, other than mow it "once in a while." On the other hand, the president of the village and the chief of police testified that over the years the swamp area was being filled in with excess fill from building operations, that the property was "mowed and trimmed up good" in 1952 and that it has been mowed regularly since then. In contradiction to Diercks, they testified that "very nearly every day and on weekends" throughout the summer and fall, the area was used by picnickers.

As evidence that the property was not maintained as a public park, the plaintiffs rely heavily upon the fact that it was not improved with picnic or recreational facilities. We think that fact is not controlling. To what extent and with what facilities a particular park area should be improved are matters for determination by the municipal authorities. When the unique location and peculiar shape of this narrow strip of land along the river bank are taken into

account, it can not be said that it is not a park because it has not been equipped with benches and tables, or playground facilities.

The plaintiffs urge that the defendant has used the property for other than park purposes; that supplies were stored there, that the fire department has used some of the ground and barred the public from it and that the defendant posted various signs prohibiting public use. The evidence disclosed that the State stored cinders and machinery on the village property at the foot of Edwards Street, and that some of these cinders overlapped onto the park land to the south. This encroachment, however, was minimal and temporary. The testimony did not fix the precise location of the two pieces of road machinery stored near the cinder pile and after a careful examination of the photographs introduced into evidence, we are not able to say that they were stored on the park property.

A fire station is apparently located on the northwest corner of Harrison and Edwards streets. Because Harrison Street in front of the fire station was lower than the surrounding property, the fire department was given permission by the village board to improve the street and the park land in order to secure proper drainage. As a result, park property for approximately 120 feet north of Edwards Street extended was leveled off and black topped. A guard rail was installed along the river bank and "No Parking—Fire Lane" signs were posted. In addition, a boat launching ramp for the exclusive use of the fire department was constructed at the river bank at the southeastern corner of the black topped area. It was proper to prohibit parking upon that area, (see Ill. Rev. Stat. 1959, chap. 95½, par. 187 (a)(10),) and the condition in the deed that the land be used for park purposes could not deprive the village of its power to regulate traffic on the streets in the vicinity. (See *Village of Lake Bluff* v. *Dalitsch,* 415 Ill. 476, 485-486.) The paved area was available to the public for other pur-

poses, and bleachers for spectators at acquatic events have been erected upon it from time to time. It is immaterial that the fire department sometimes parked its vehicles there to fill their tanks and test their equipment, since the vehicles were always attended at those times. The evidence does not establish that the boat ramp is located upon park property.

Finally, the plaintiffs complain that the defendant posted "No Camping" and "No Fishing or Trespassing" signs on the park property. The village was not required to permit camping or fishing, and while a public park must obviously be open to the public, the "No Fishing or Trespassing" signs were placed at the river bank and not along Harrison Street where people would normally enter upon the property. It is apparent that the signs were intended to do no more than to prohibit fishing.

We are of the opinion that the conclusion reached by the circuit court of McHenry County was correct and that its judgment should be affirmed.

*Judgment affirmed.*