THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOSEPH G. ABRAHAM, SR., *et al.*, Defendants-Appellees.

Third District   No. 75-134

Opinion filed March 29, 1977.

STENGEL, J., dissenting.

Michael M. Mihm, State's Attorney, of Peoria (Bruce Locher, Assistant Attorney General, of counsel), for the People.

Ronald Hamm, of Endres and Hamm, and Jack Brunnenmeyer, both of Peoria, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

The People of the State of Illinois appeal from the dismissal of several counts of an indictment charging defendants Joseph G. Abraham, Sr., and E. Michael O'Brien with official misconduct and bribery. A Peoria County grand jury indicted both defendants in a multicount indictment charging them with official misconduct and bribery in relation to their alleged acts performed between October 1969 and April 1973. Defendants filed motions to dismiss counts III, IV, VI and VIII of the indictment on the grounds of the running of the statute of limitations along with other grounds unnecessary to this appeal. Counts III, IV, VI and VIII charged offenses committed sometime prior to and including September 18, 1971. After hearings on the motions to dismiss, Judge Charles M. Wilson entered an oral order dismissing those counts on October 23, 1974. On October 24, 1974, the State by oral and written motion asked for substitution of judge alleging that Judge Wilson had had a discussion of the merits of the motions to dismiss with attorneys not participating in the case in his chambers. At the same time the State by oral motion and by a written petition asked the court to vacate the oral order dismissing the four counts of the indictment. Judge Wilson's final action in the case, immediately thereafter, was the entry of one written order which vacated his earlier oral order dismissing the four counts of the indictment and recusing himself. The cause was then referred to the chief judge of the circuit for reassignment. It was subsequently reassigned to Judge Charles W. Iben who reinstated the earlier entered order of dismissal stating in his written order two alternative reasons; (1) because Judge Wilson had "vacated the order [of dismissal] after having lost jurisdiction by reason of [his] recusal" or (2) because he "invalidly ruled after a motion for substitution of judge had been filed by the People."

The appellant raises five issues for review. It is necessary to answer only two of those issues raised to resolve this appeal. First we must decide the precise effect of Judge Iben's order reinstating the earlier vacated order of dismissal of the four counts of the indictment. To decide this we must determine whether the four counts of the indictment which were dismissed were barred by the statute of limitations.

■■■ The State argues in one and the same breath that Judge Wilson had been improperly influenced in his decision on the motion to dismiss and that his subsequent order which vacated his earlier dismissal of the four counts should stand. The lack of logic of this argument is apparent. The Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—5) provides the substance and procedure for an aggrieved defendant to obtain a substitution of the judge where he alleges a particular judge is prejudiced against him. No statutory provision exists with regard to the same remedy for the State when aggrieved in a similar situation. We must draw from section 114—5 (Ill. Rev. Stat. 1975, ch. 38, par. 114—5) by analogy in order to determine the proper standard to apply to the State seeking a substitution of judge under the present state of facts. That statutory provision applied here provides a common-sense approach to this particular problem. In the case of a defense motion for substitution of judge for alleged prejudice which would result in an unfair trial, the trial judge is required, upon the mere filing of the motion, "to proceed no further in the cause but shall transfer it to another court or judge * * *." The mere appearance of judicial prejudice and its resulting unfairness demands a similar procedure and result to be available to the State in a criminal case under proper factual circumstances. The present case presents such circumstances. Relying upon this standard Judge Iben correctly decided that Judge Wilson was precluded by the mere allegation of improper influence or his actual recusal from any further participation in this case.

■■ The State in attacking Judge Wilson's original order dismissing the four counts on grounds of judicial prejudice effectively precluded Judge Wilson's further participation in the case. Judge Iben, in proceeding logically under the circumstances, reviewed Judge Wilson's initial order of dismissal and the State's contention involving the order and proceeded to approve Judge Wilson's decision on the merits of the motion to dismiss. Having decided the motion adverse to the State, it was appropriate to simply reinstate the original order of dismissal.

■■ We have been cited to the case of *People v. Liebling* (1976), 36 Ill. App. 3d 1073, 344 N.E.2d 520, in support of the State's second contention that the statute of limitations had not run in this case. It was there held that the period during which the prosecution may be instituted may be extended unless the prior period had already run. We do not believe that the principal announced in *Liebling* is dispositive of the issue raised in the instant appeal. The State alleged in the indictment facts which bring into operation an extension of the statute of limitations for one year. The Criminal Code of 1961 provides "[a] prosecution for any offense based upon a misconduct in office by a public officer or employee may be

commenced within one year after discovery of the offense by a person having a legal duty to report such offense * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 3—6(b)). The prosecution was commenced by indictment filed March 29, 1974. Even with the extension of the limitation period because of a public official's alleged misconduct, it is apparent the trial court found that the prosecution could not be commenced because the extended time period had also run.

■■ With regard to that legal duty to report by the Tri-County Intelligence Unit that gathered the information which resulted in the indictments, we believe that the trial court did not err in holding that the extended limitation period had run because the Tri-County Intelligence Unit had in fact a legal duty to report the offense after discovery, and that the prosecutions were not commenced within one year thereafter. The record indicates that the trial court heard extensive evidence concerning the nature and function of the Tri-County Intelligence Unit. Extensive evidence was also presented concerning the time period during which intensive investigation and surveillance of the defendants was conducted. The members of the Tri-County Intelligence Unit adequately demonstrated in their testimony an awareness of the offenses charged to indicate a "discovery" of the offenses. (*People v. McGreal* (1972), 4 Ill. App. 3d 312, 278 N.E.2d 504.) The character of the activities of the Unit and the makeup of its personnel form an adequate basis for the determination that the unit was an arm of the many law enforcement agencies who contributed the manpower to form and operate it.[1] These purposes are so strikingly similar to those of the many police agencies who voluntarily contributed personnel to staff the unit, that formal separation of the two and their different titles is insufficient to cause the same legal duty to report an offense not to exist, for the unit. This commingling of personnel and purposes precludes an assertion that the investigating members of the unit did not have a legal duty to report the offenses.

We believe the trial court correctly determined that the Tri-County Intelligence Unit did discover the alleged offenses on or prior to April 5,

---

[1] The by-laws of the Unit provide:
"ARTICLE III: PURPOSE:
A. The purpose of the Tri-County Intelligence Units shall be:
1. To provide a mechanism to the law enforcement agencies of Tazewell, Woodford and Peoria counties to pool their resources for the investigation of organized crime activity on the theory that none of the agencies are individually able to support an adequate investigative effort.
 ° ° °
3. To provide factual information concerning organized crime activity to local, state and federal law enforcement missions; and to cooperate in any mutual investigative efforts which may be requested by local, state or federal law enforcement agencies."

1972, and that the members of said unit had a legal duty to report the alleged offenses, and that the prosecution for the alleged offenses had to be commenced prior to April 5, 1973, or were barred by the one-year extended period of the statute of limitations.

The judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STOUDER, P. J., concurs.

Mr. JUSTICE STENGEL, dissenting:

I disagree with the majority opinion insofar as it holds that prosecution under counts III and VIII, which charge defendants with the offense of bribery, were barred by the statute of limitations.

In *People v. Liebling* (1st Dist. 1976), 36 Ill. App. 3d 1073, 344 N.E.2d 520, the court stated that the limitations period for an offense may be extended by subsequent legislation so long as the accused is not entitled to an absolute bar from prosecution due to the expiration of the former limitations period as of the effective date of the legislative change. As noted in the majority opinion, the offense of bribery, formerly an indictable misdemeanor, subject to an 18-month limitations period, was reclassified as a felony subject to a 3-year limitations period with the passage of the Unified Code of Corrections, effective January 1, 1973. By application of *Liebling*, if the offense of bribery were committed after July 1, 1971, that offense would be subject to a 3-year limitations period because the former 18-month period would not have expired as of January 1, 1973, the effective date of the legislative change. Conversely, if the offense were committed prior to July 1, 1971, that offense would be subject to an 18-month limitations period because the effective date of the Unified Code of Corrections is after the expiration of the 18-month period.

Here, counts III and VIII allege that the offenses were committed "between October 5, 1970, and September 17, 1971." September 17, 1971, which is the last date alleged for the commission of the offenses, is the date on which the limitations period began to run. The Criminal Code of 1961, section 3—8 (Ill. Rev. Stat. 1975, ch. 38, par. 3—8) provides:

> "When an offense is based on a series of acts performed at different times, the period of limitation prescribed by this Article starts at the time when the last such act is committed."

Therefore, the 18-month limitations period had not expired as of the effective date of the Unified Code of Corrections, and these offenses are subject to three-year limitations period, which had not expired as of March 29, 1974, the date this indictment was returned.

It appears the majority has concluded that the 18-month statute of limitations expired on April 5, 1972, which is 18 months after October 5, 1970. This interpretation seems to ignore the dates set forth in count III and count VIII which allege "between October 5, 1970 and September 17, 1971," and particularly the extension of time permitted by section 3—8.

Defendants' contention, which has been accepted by the majority, is that in dismissing counts III and VIII, the trial court must have found that the offenses were completed prior to July 1, 1971. However, it is apparent that the testimony at the hearing was directed to the question of when law enforcement personnel first became aware of the offenses charged in the indictment so as to determine whether prosecution was permitted under the extended limitations period of section 3—6(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—6(b)).

Prosecution of counts IV and VI, which alleged the commission of offenses on October 17, 1969, depends on the availability of this extended limitations period, for otherwise prosecution is barred by the expiration of the general limitations period of section 3—5 of the Criminal Code. When prosecution for an offense depends on a statutory exception to the general limitations period, the State has the burden of alleging and proving facts which show the applicability of that exception. *People v. Munoz* (2d Dist. 1974), 23 Ill. App. 3d 306, 319 N.E.2d 98.

Although prosecution under the other counts depended on the application of section 3—6(b) of the Criminal Code, the dates alleged in counts III and VIII bring each count, on its face, within the general limitations period and subject to prosecution without regard to the benefits of section 3—6(b). In the absence of contrary evidence, the dates alleged in these counts should be taken as true. See *People v. Anderson* (1930), 342 Ill. 290, 293, 174 N.E.2d 391.

Based on the foregoing, I believe that the trial court erred in dismissing counts III and VIII.